KEITH, Circuit Judge.
Defendant-debtor, Robert F. Singer, appeals from the Únited States District Court for the Southern District of Ohio, Eastern Division, affirming the decision of the U.S. Bankruptcy Court for that district and division holding non-dischargeable the periodic payments arising from a Separation Agreement. The Honorable John D. Holschuh, in a memorandum decision and order dated April 25, 1985, found the Bankruptcy Court’s decision In Re Singer, 18 B.R. 782, B.C.S.D., Ohio, E.D., 1982, was not “clearly erroneous”. For the reasons set forth below, we affirm the decision of the district court.
On January 8, 1970, Robert F. Singer (hereinafter defendant-appellant), married Lethia A. Singer (hereinafter plaintiff-ap-pellee) in Columbus, Ohio. The plaintiff-ap-pellee contributed the funds from the sale of her home from a previous marriage to purchase the property located at 2660 River Park, where the parties lived during their marriage. The defendant-appellant also contributed property to the marital home.
During the marriage, the defendant-appellant gave the plaintiff-appellee the sum of $200.00 per week for the upkeep of the marital residence as well as personal expenses. When marital differences arose *1034 between the parties, the defendant-appellant moved from the marital residence and continued to pay $200.00 per week to plaintiff-appellee.
A Separation Agreement was negotiated by the parties’ counsel more or less contemporaneously with the petition for marital dissolution, which was filed July 26, 1978. The Separation Agreement provided that the parties agreed to a division of their marital assets and liabilities:
WHEREAS, the parties, by this Agreement, desire to settle all questions of property rights, maintenance, alimony, dower, descent, distribution and all other rights or claims, matters and things of every kind and description which may have in any manner arisen or accrued by virtue of this marriage.
NOW THEREFORE, in consideration of the promises and agreements hereinafter set forth and things to be done by the parties pursuant thereto, it is agreed as follows:
******
2. In consideration of the performance of the provisions of this Agreement, each party releases the other from all obligations, past and present, except as herein mentioned, or for future care, support or maintenance, and is in full settlement of all claims of each against the property acquired during the marriage....
Paragraph 15 provides:
15. This Agreement shall be a full and complete settlement of all property rights between the parties, each of whom does, by the provisions herein, release, satisfy and discharge all claims and demands against the other party, including all rights of dower, alimony, inheritance, descent, distribution . except as herein provided.
Paragraph 3 provided that the plaintiff was to be paid $800.00 per month for a total of 5 years; followed by $400.00 a month for another 5 years.
At the time of the separation, defendant-appellant was the owner of one-hundred percent of the non-voting shares of common stock in Bob Singer Ford, Inc. Due to a flagging economy, Bob Singer Ford, Inc. declared bankruptcy on July 12, 1981, after closing its doors on December 31, 1980. Since Robert Singer had personally invested whatever personal profits there had been back into Bob Singer Ford, Inc., he too declared bankruptcy.
A meeting of the creditors was held on August 14, 1981. The plaintiff-appellee was present and filed a complaint to determine the dischargeability of the sums due to her pursuant to the Separation Agreement. These sums were listed on the defendant-appellant’s schedule of debts, and amounted to a balance of $47,200.
The controlling statute in this case is 11 U.S.C. 523(a)(5), which states:
§ 523 Exceptions to discharge
(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
******
(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement
[[Image here]]
The three basic scenarios arising from the statute are as follows: 1, if payment, i.e. Settlement Agreement, is for alimony, maintenance, or support, the debt is non-dischargeable; 2, conversely, if the payment, or Settlement Agreement is strictly a property settlement, the debt is dischargeable; 3, where there is a property settlement in connection with alimony, maintenance, or support, the debt is nondischargeable.
The present case is an example of this “third” scenario. Defendant-appellant argues that paragraph 15 of the Settlement Agreement clearly indicates a “property settlement” in lieu of alimony, thereby making the debt dischargeable.
However, paragraph 15 can only be read in light of paragraph 2, which provides:
*1035 Each party releases the other from all obligations, past and present, except as herein mentioned, or for future care, support or maintenance ... (emphasis added).
Thus, paragraph 2 indicates that the property settlement embodied in paragraph 15 was not to be in exclusion of any future maintenance or support. Thus, the bankruptcy court was not in error in characterizing the periodic payments pursuant to the Settlement Agreement as alimony, thereby being non-dischargeable.
Shaver v. Shaver, 736 F.2d 1314 (9th Cir.1984) lends support to the bankruptcy court’s finding of non-dischargeability. Shaver notes that if a settlement agreement fails to provide explicitly for spousal support, the court may presume that a so-called property settlement is intended for support, when circumstances indicate that the recipient spouse needs support. Shaver mentioned such circumstances as the presence of minor children, imbalance in the relative incomes of the parties, the nature and duration of the obligation, as factors which may be considered by the bankruptcy judge in determining whether a certain settlement, regardless of how it is labelled, is for support. The bankruptcy judge noted that appellee was 60 years old, had not worked outside the home during marriage, and had received support of $200.00 per week from appellant during the marriage, and even after appellant left the home up until the Settlement Agreement. The bankruptcy judge found these facts to be a clear indication that appellee needed spousal support.
In conclusion, the bankruptcy judge’s finding shall be set aside only if “clearly erroneous” In Re Calhoun, 715 F.2d 1103, 1110 (6th Cir.1983). Insofar as there was ample support for the bankruptcy judge’s findings, we affirm the decision below.