**In re Ronald Charles TROXELL Debtor.**

**Ronald Charles TROXELL Plaintiff,**

**v.**

**Gayle TROXELL (Bee) Defendant.**

**Bankruptcy No. 1–86–01673.
Adv. No. 1–86–0108.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Nov. 19, 1986.

Donald C. Bolsinger, Cincinnati, Ohio, for defendant.

Norman L. Slutsky, Cincinnati, Ohio, for plaintiff.

### DECISION ON MOTION FOR SUMMARY JUDGMENT

BURTON PERLMAN, Bankruptcy Judge.

Plaintiff in this adversary proceeding is debtor in the related Chapter 7 bankruptcy case. Plaintiff brought this adversary proceeding to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(5). He states in the complaint that he is indebted to the defendant, his former wife, in the amount of $29,000.00 for child support. Plaintiff concedes that this debt would normally be nondischargeable under 11 U.S.C. § 523(a)(5). Plaintiff in the present complaint, however, seeks a holding that since the defendant voluntarily surrendered custody of her children to the defendant's mother, thereby the duty of support had been assigned to the defendant's mother, and plaintiff's support arrearage is a dischargeable debt under § 523(a)(5)(A).

The defendant filed a motion for summary judgment, arguing that the facts of this case have already been determined by the Domestic Relations Court of the State of Ohio. Ten years after the divorce was granted, the defendant filed a motion in the Court of Common Pleas of Hamilton County, Ohio, requesting that the debtor be found guilty of contempt of court and that defendant be granted a lump sum judgment, wage assignment, fees, and other relief. The Domestic Relations Court referee filed a Report of Referee which made a finding that there had been no child support payments made since 1978. The referee also stated in his report that the children had been staying with the defendant's mother since sometime in 1979 and that the defendant paid directly to her mother money for support of the children. The referee held that the husband, plaintiff herein, has a child support arrearage as of April 1, 1985 of $29,900.00. The court further stated that "the fact that the children have primarily been in the custody of the Wife's mother does not obviate either party's obligation to support these children."

On May 30, 1985, the court overruled the objections that husband filed to the Report of the Referee and adopted the Report of the Referee. Plaintiff then filed an appeal in the First District Court of Appeals in Hamilton County, Ohio. A decision favorable to the defendant was filed on May 21, 1986.

Plaintiff, in response to the motion, does not submit affidavits or other evidentiary material. He is content to accept as true copies of the Decree of Divorce, the Report of the Referee, the entry approving that Report, the objection of the debtor, the entry overruling those objections, and the decision of the Court of Appeals which have all been attached to the defendant's motion for summary judgment. Since the parties accept these materials as an adequate factual record, we will do the same.

Plaintiff relies on factual findings in those documents to support his contention that the motion for summary judgment should not be granted. First, the various documents reflect that defendant has remarried twice since the divorce and that

her second husband was killed in 1979, entitling her to Social Security benefits for the children in the amount of $465.00 per month. Secondly, plaintiff highlights the referee's finding that the children have continued to stay with the defendant's mother since sometime in 1979 and that defendant has reduced the payments she makes to her mother over time from $200.00 to $150.00 per month. Furthermore, the plaintiff refers to page 4 of the Report of the Referee which states that, according to the defendant's mother, the defendant has not always paid the funds for support.

The statutory provision central to the present controversy is 11 U.S.C. § 523(a)(5)(A) which provides:

> (a) A discharge ... does not discharge an individual debtor from any debt—
>
> \*       \*       \*       \*       \*       \*
>
> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record, or property settlement agreement, but not to the extent that—
>
> \*       \*       \*       \*       \*       \*
>
> (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a state or any political subdivision of such State); or
>
> \*       \*       \*       \*       \*       \*

■ While plaintiff argues that, in applying this statute to the agreed facts, there is a genuine issue of material fact, we conclude that that is not so. The parties are in agreement that the defendant has not had the children living with her since 1979. They agree further that the arrearage due and owing to the defendant is for support. Since these facts are not in dispute, it would be inappropriate to deny the motion

for summary judgment on the ground of existence of an issue of material fact. Bankruptcy Rule 7056 requires that we proceed to determine whether the defendant is entitled to judgment as a matter of law, and so we turn to a determination of whether there has been an assignment of the child support arrearage.

■ Preliminarily, we observe that the state court's decision is not res judicata as to the issue of dischargeability; we must look to federal bankruptcy law to determine whether a support obligation is dischargeable. *In re Calhoun*, 715 F.2d 1103 (6th Cir.1983).

■ In the present case, the obligation to pay child support which gave rise to the arrearage here in question was for the direct benefit of the plaintiff's children, whether they resided with the defendant or her mother, whether they were sent away to boarding school or chose to stay overnight at a friend's house. We note that the referee's report indicates that the defendant has paid her mother for caring for the children throughout the years. We hold, on the undisputed facts before us, that there has not been an assignment of the child support arrearage from defendant to her mother under § 523(a)(5)(A).

The issue of whether there had been an assignment of a support obligation was before the court in *In re Fields*, 23 B.R. 134, 7 C.B.C.2d 335 (Bankr.D.Colo.1982). The facts and holding of that case are not helpful here, but we find the review of the law undertaken by the court to be instructive.

The court in *Fields* reviewed the three main categories of cases where dischargeability of spousal obligations because of purported assignment has been contended, pursuant to § 523(a)(5)(A). The first category involved cases where the debtor agreed to pay the joint debts which had accumulated during the marriage and hold the other spouse harmless on the obligation. Upon filing bankruptcy, the debtor

argued that these debts had been assigned since they were not payable directly to the spouse.[1] The second category involved cases where the Domestic Relations Court ordered the debtor to pay the former spouse's attorney's fees. Upon filing the bankruptcy, debtors in those cases argue that the debt to the attorney had been assigned because it was not paid directly to the spouse. In the third category are those cases where the spouse was entitled to support, but had assigned the support obligation to a state or federal agency and the debtor, upon filing bankruptcy, argued that this resulted in their discharge.[2]

The *Fields* court concluded from its extensive review of those cases that in all three categories most courts found such debts to be nondischargeable, rejecting the argument that they had been assigned. *See also, In re Stranathan*, 15 B.R. 223 (Bankr.D.Nebr.1981), in which the court stated that the test for whether or not there was an assignment was whether the nonpaying spouse received a support benefit from the assumption of the debt. *In accord, In re Spong*, 661 F.2d 6 (2nd Cir. 1981); *Growney v. Growney*, 15 B.R. 849 (Bankr.W.D.N.Y.1981); *In re French*, 9 B.R. 464 (Bankr.S.D.Ca.1981); *In re Knabe*, 8 B.R. 53 (Bankr.S.D.Ind.1980); *In re Wells*, 8 B.R. 189 (Bankr.N.D.Ill.1981).

In light of the foregoing, we grant defendant's motion for summary judgment. The complaint will be dismissed.[3]

---

**1.** This issue has been resolved in this circuit by *In re Calhoun*, 715 F.2d 1103 (6th Cir.1983), which holds that payments in nature of support need not be paid directly to the spouse or dependent to be nondischargeable.

**2.** The 1984 Bankruptcy Amendments resolved the issues which had arisen under this last line of cases by making nondischargeable, a support debt "... which has been assigned to the Federal Government or to a State or any political subdivision of such State." § 523(a)(5)(A).

**3.** Plaintiff intimates that defendant is no longer in need of child support because of the Social Security payments she receives. While this fact could be given consideration if we were applying the test found in *In re Calhoun*, 715 F.2d

1103 (6th Cir.1983), it has no relevance here. *Calhoun* directs us to inquire into whether a support obligation has the effect of providing support necessary to insure that the daily needs of the former spouse and children are satisfied and whether the amount of support is not so excessive that it is manifestly unreasonable under traditional concepts of support. However, the *Calhoun* test is appropriate only for ongoing support obligations, not past child support arrearages. (*Id.* n. 9). The plaintiff in this case is contesting the nondischargeability of the $29,-900.00 arrearage only, and not any ongoing payments he is obligated to make. Therefore, the *Calhoun* test is inappropriate.