### In re Joseph Anthony SOLOMITO, Debtor.

**Joseph Anthony SOLOMITO, Plaintiff,**

v.

**Joan Hawrylak SOLOMITO, Defendant.**

Bankruptcy No. 1–88–04166.

Adv. No. 1–88–0215.

United States Bankruptcy Court, S.D. Ohio, W.D.

March 19, 1990.

N. Jeffrey Blankenship, Cincinnati, Ohio, for defendant.

Eileen K. Field, Cincinnati, Ohio, for plaintiff.

Charles Caldwell, Asst. U.S. Trustee, Cincinnati, Ohio.

BURTON PERLMAN, Chief Judge.

The parties to this adversary proceeding are former spouses. Plaintiff, the former husband, is a Chapter 7 debtor in this court. The complaint recites that the parties were divorced in Louisiana. The complaint seeks a declaration that all of the debts which plaintiff was ordered to pay in the state court decree are dischargeable "as not being in the nature of alimony, maintenance, or support, or in the alternative, are dischargeable because they are manifestly unreasonable under state law and pursuant to the concept of a fresh start under the Bankruptcy Code." The answer filed in the case is essentially a general denial.

Defendant has moved for summary judgment pursuant to F.R.Civ.P. 56 (made applicable in bankruptcy by B.R. 7056). Fed. R.Civ.P. 56. This court has jurisdiction of this matter pursuant to 28 U.S.C. Section 1334(b) and the General Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. Section 157(b)(2)(I).

To support her motion for summary judgment, defendant has provided extensive documentation, including her affidavit, copies of plaintiff's income tax returns for the years 1983 through 1988, and copies of documents involved in the divorce litigation in Louisiana. These include a judgment awarding alimony pendente lite against plaintiff, appeal papers connected therewith, the divorce decree, and documentation of the appeal thereon, including the

affirmance of the trial court by the court of appeals.

Plaintiff provided a memorandum in response to the motion. In support of his position, plaintiff has filed his affidavit in which he says, in part:

2. My financial circumstances have changed since the time of my divorce from Joan Hawrylak due in part to my bankruptcy filing and my entering into private practice in Middletown, Ohio.

3. My income and expenses render it manifestly unreasonable for me to pay "alimony" of $1,300.00 per month to Joan Hawrylak and to pay the arrearage due thereon.

The present adversary proceeding and the motion for summary judgment depend upon the provision in the Bankruptcy Code at Section 523(a)(5):

**Sec. 523. Exceptions to discharge.**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

\*    \*    \*    \*    \*    \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, ...

\*    \*    \*    \*    \*    \*

The parties hereto are in agreement that *In re Calhoun*, 715 F.2d 1103 (6th Cir.1983) must be looked to for interpretation and application of this section of the Code. The Sixth Circuit also dealt with this section of the statute in *In re Singer*, 787 F.2d 1033 (6th Cir.1986).

These precedents, however, must be applied with some discrimination in the present case. Both *Calhoun* and *Singer* dealt with the interpretation of separation agreements. *Calhoun* was concerned with the assumption of joint debts and whether that should be regarded as support. In

*Singer* the court had to concern itself with whether the payment was purely an allocation on account of property, and therefore dischargeable, or whether really in the nature of support. No facts similar to those are to be found in the case before us.

In the present case, there was a contested divorce. After a trial, the Louisiana state court granted this defendant a divorce, and fixed support payments at $1,300.00 per month. There is no suggestion that the payments fixed by the Louisiana state court arose from a separation agreement, involved an analysis of a debt assumed by a former spouse, or were interrelated with a distribution of property by the state court.

Nevertheless, we will here apply the *Calhoun* criteria. The case directs that we make inquiry (1) as to whether the state court intended to create an obligation to provide support, (2) whether the award was actually in the nature of support and had the effect of providing support necessary to insure the daily needs of the former spouse, and (3) whether the amount of support awarded was so excessive that it is manifestly unreasonable under traditional concepts of support. *In re Calhoun* at pp. 1109–1110. It is clear that element (3) requires that this court consider whether the present circumstances of the debtor make it now inequitable to require that the obligation continue. *In re Calhoun* at p. 1110, footnote 11. See also *In re Fox*, Case No. 1–87–00994, Adversary No. 1–87–0070 (Bankr.S.D.Ohio December 21, 1987) (unreported).

■ Because of the factual distinctions we have indicated above with regard to *Calhoun* and *Singer*, we believe that it is appropriate in this case, though it was not in those cases, to consider whether we should give preclusive effect to the state court decision in the present case, at least with respect to the first two elements of inquiry mandated by *Calhoun*, intention that the obligation be support, and effect of providing support, in accordance with the principles applicable in this circuit as set forth in *Spilman v. Harley*, 656 F.2d 224 (6th Cir.1981). These are (at p. 228):

Collateral estoppel requires that the precise issue in the later proceedings have been raised in the prior proceeding, that the issue was actually litigated, and that the determination was necessary to the outcome.

A review of the decisions in the Louisiana state courts compels one to the conclusion that it was certainly intended there to create an obligation to provide support. Moreover, by the careful adjustment of the amount of support at the appellate level, we are persuaded that the Louisiana court fixed an amount necessary to assure the daily needs of the former spouse. There is no question that these two elements were actually litigated and that their determination was necessary to the outcome in the Louisiana state courts. Defendant is therefore entitled, as to these two elements in the *Calhoun* analysis to a holding that plaintiff is collaterally estopped from litigating those issues here.

At this point, we must observe that there are here in controversy two kinds of obligations running from plaintiff to defendant. These are, first, arrearages in the amount of $16,000.00 on account of past due and unpaid support payments, and second, prospective support payments of $1,300.00 per month. The foregoing analysis is all that is required for us to reach a conclusion on this motion in favor of the movant with regard to the arrearage. This is so because we held in *In re Troxell*, 67 B.R. 328 (Bankr.S.D.Ohio 1986) that the third *Calhoun* element, that directed to change of circumstances, is inapplicable with regard to arrearages and is only to be applied prospectively.

That leaves, then, the question of whether movant is entitled to judgment with respect to future support payments as fixed by the Louisiana courts. This depends upon whether changed circumstances on the part of plaintiff warrant a modification of the support payments there ordered. See *In re Schreiber*, 99 B.R. 380, 383 (Bankr.S.D.Ohio 1989). In resolving this final question, we take judicial notice of the court file in this case, which includes the petition and supporting documents filed by plaintiff initiating his bankruptcy case. He therein shows in his schedule of current income and current expenditures sufficient income to make the support payments ordered by the Louisiana courts. We note as well in the statement of financial affairs of plaintiff that he was a partner in an ambulance business which went out of business "and is the cause of this bankruptcy." We note further, that approximately $900,-000.00 in unsecured debt, as well as additional claims undetermined in amount, have been discharged in plaintiff's bankruptcy case. Finally, we note that plaintiff is a cardiologist and there is nothing in the record before us which suggests any reason why he will not be able to earn such income as is to be expected from one in such an occupation. Certainly his conclusory affidavit is insufficient to create an issue of fact on this score.

We hold that defendant is entitled to summary judgment in accordance with her motion. The complaint will be dismissed.