**In re Arthur G. BROWN, Debtor.**

**Arthur G. BROWN, Plaintiff,**

**v.**

**Diane B. MOSS, et al., Defendants.**

**Bankruptcy No. 92–3017.**
**Related No. 91–32790.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Sept. 16, 1992.

Ernest D. Ducey, Toledo, Ohio, for plaintiff.

Charlene K. Baker, West Branch, Mich.

Michael P. Mikkonen, Asst. Pros. Atty., Toledo, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on Debtor's Complaint to Determine Dischargeability of Debt. At Pre–Trial, the parties agreed to submit this matter to the Court for decision based upon the written arguments of Counsel. Plaintiff's Counsel filed a Motion for Summary Judgment and both parties filed briefs supporting their respective positions on the dischargeability of the debt in question. The Court has reviewed the written arguments of counsel, as well as the entire record in this case. Based upon that review, and for the following reasons, the Court finds that the Plaintiff's Motion for Summary Judgment should be Denied, and the Debt held Nondischargeable.

## FACTS

The facts in this case are not in dispute. The Plaintiff–Debtor, Arthur G. Brown, and the Defendant, Diane B. Moss, were granted a divorce on April 30, 1974 by the Roscommon County Court, State of Michigan. A portion of the decree found the Plaintiff to be the father of twin boys born December 19, 1972. The decree further awarded custody of their two minor children to the mother, Diane B. Moss, and ordered the Plaintiff to pay child support in the amount of Twelve Dollars and Fifty Cents ($12.50) per week per child along with a service fee of One Dollar and Fifty Cents ($1.50) per month to the Roscommon County Clerk.

The Plaintiff fell behind in his support payments and on April 13, 1982, the Lucas County Common Pleas Court, Juvenile Division, State of Ohio, conducted a hearing based upon a petition filed under the Uniform Reciprocal Enforcement of Support Act. The Lucas County Common Pleas Court issued a June 17, 1982 Order increasing the amount of support from Twelve Dollars and Fifty Cents ($12.50) to Twenty Dollars ($20.00) per week per child, effective July 16, 1982. In addition, the Court ordered the payment of Ten Dollars ($10.00) per week toward the then current arrearage of Ten Thousand Thirty-one Dollars ($10,031.00). The Court also Ordered the Plaintiff to pay poundage at the rate of One and one-half percent (1½%) for a total payment of Fifty Dollars and Seventy-five Cents ($50.75) per week, payable to Ohio's Bureau of Support.

Both parties acknowledge that the Plaintiff's children have reached the age of eighteen (18) and have graduated from high school, thus obviating the need for payment of further child support. Plaintiff's total arrearage, however, now stands at Twenty-two Thousand Six Hundred Ninety-one Dollars ($22,691.00). Plaintiff's only obligation at this time pertains to the arrearage which has been assigned to the Roscommon County Friend of the Court.

The Plaintiff filed a Chapter 7 bankruptcy petition on June 17, 1991 and this Court

granted Discharge on January 13, 1992. This cause comes before the Court based upon the Complaint to Determine the Dischargeability of Child Support Arrearage which was filed on January 10, 1991. The only issue before the Court is one at Law and requires a determination of the dischargeability of a fully accrued debt for child support which has been assigned by the Plaintiff's ex-wife to the Roscommon County Friend of the Court as a source of income during the children's minority.

## LAW

11 U.S.C. § 523 of the Bankruptcy Code lists a variety of exceptions to discharge and § 523(a)(5) specifically addresses debts "to a spouse, former spouse, or child of the debtor." 11 U.S.C. § 523(a)(5). Accordingly, the dischargeability of Plaintiff's obligation is governed by 11 U.S.C. § 523(a)(5) and applicable case law.

11 U.S.C. § 523(a)(5) reads as follows:

**§ 523. Exceptions to discharge.**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

■ Under 11 U.S.C. § 523(a)(5), a debt claimed to be for child support is still dischargeable if: (A) it has been assigned to another entity and that assignment was not pursuant to § 402(a)(26) of the Social Security Act, or to a federal or state government, or any political subdivision of a state; or (B) although the liability creating the debt was stated to be for support purposes, the liability was not actually meant to provide support. Accordingly, the facts in this case must be evaluated under both § 523(a)(5)(A) and § 523(a)(5)(B) before a determination can be made as to the dischargeability of the debt in question.

Under § 523(a)(5)(A), a Debtor will not be discharged if:

(A) the debt is to a former spouse,

(B) for support of such spouse or child,

(C) made in connection with a divorce decree, and

(D) if that debt has been assigned to another entity,

(1) that assignment was pursuant to section 402(a)(26) of the Social Security Act, or

(2) the assignment was to a political subdivision of a State.

■ This debt is one which was ordered paid to Ms. Moss as the former spouse of the Plaintiff for the stated purpose of providing for the support of the Plaintiff's children. The orders to pay child support were also made in connection with the Plaintiff and Defendant's original divorce decree. As such, the debt meets all of the necessary requirements of the first paragraph of § 523(a)(5).

■ As to subparagraph (A) of § 523(a)(5), the assignment of Ms. Moss's rights in that debt were made to the Roscommon County Friend of the Court in accordance with Section 402(a)(26) of the Social Security Act. 42 U.S.C. § 602(a)(26). The Social Security Act requires a State to condition eligibility to receive aid to needy families with children upon the applicant's assignment to the State of any rights in support payments. 42 U.S.C. § 602(a)(26)(A). This requirement has been met through Ms. Moss's assignment of her rights in the support payments to the Ros-

common County Friend of the Court and the subsequent release of benefit payments by the Roscommon County Welfare Department in the form of Aid to Dependent Children.

In addition, the Plaintiff's original Complaint at paragraph 4 acknowledges the Roscommon County Friend of the Court as a "political subdivision." As a political subdivision of the State of Michigan, the Roscommon County Friend of the Court satisfies the alternative provision of § 523(a)(5)(A) which states that even if the assignment was not in accordance with Section 402(a)(26) of the Social Security Act, the debt would still be held nondischargeable if the assignment was made to "any political subdivision of such State."

This Court therefore finds that the arrearage assigned to the Roscommon County Friend of the Court meets all of the requirements of 11 U.S.C. § 523(a)(5)(A) for nondischargeability. The obligation must now be analyzed in light of 11 U.S.C. § 523(a)(5)(B) which would allow the debt to be discharged if the liability was not "actually in the nature of alimony, maintenance, or support."

■ It is well established that statements within a divorce decree which label a particular obligation as alimony, maintenance, support, or a property settlement do not necessarily determine the nature of the obligation under the federal bankruptcy law. *In re Singer*, 787 F.2d 1033, 1035 (6th Cir.1986). Plaintiff argues that the bankruptcy court is a court of equity, *In re Jones*, 94 B.R. 99, 101 (Bankr.N.D.Ohio 1988), and as such, this Court should apply the factors considered in *In re Calhoun*, 715 F.2d 1103 (6th Cir.1983) in determining an equitable answer to the issue of whether the support arrearage assumed by the Roscommon County Friend of the Court is dischargeable.

While the *Calhoun* decision addressed the issue of when a debtor's assumption of joint debts constitutes support, this Court has endorsed the general applicability of the *Calhoun* analysis to all cases arising under 11 U.S.C. § 523(a)(5). *In re Swiczkowski*, 84 B.R. 487, 491 (Bankr.N.D.Ohio

1988). The *Calhoun* analysis requires a determination of:

a) whether the intent of the state court or parties was to create a support obligation;

b) whether the support provision has the actual effect of providing necessary support;

c) whether the amount of support is so excessive as to be unreasonable under traditional concepts of support; and

d) if the amount of support is unreasonable, how much of it should be characterized as nondischargeable for purposes of federal bankruptcy law.

*In re Swiczkowski* at 490.

Ms. Moss was awarded custody of the two minor children in the April 30, 1974 divorce decree issued by the Roscommon County Circuit Court, Case # 73–1075–DX. The original divorce decree addressed the issue of child support separately and independently of the alimony and property settlement issues. *Id.* at 2. The child support provision established a fixed amount to be paid per child and stated specifically that it was for the purpose of providing for the "support and maintenance" of Mr. Brown's children. *Id.* at 2. The Lucas County Common Pleas Court, Juvenile Division's Judgment, Case ϶ 82–7970, which increased the child support obligation from Twelve Dollars and Fifty Cents ($12.50) to Twenty Dollars ($20.00) per child per week, was premised upon its finding that Mr. Brown "owes a duty of support to his minor children." *Id.* at 1. Based upon the above, this Court finds that the orders of the Circuit Court for the County of Roscommon and the Lucas County Common Pleas Court were intended by both States to create a support obligation.

The second step of the *Calhoun* analysis is complicated by the fact that there are no further support payments due since both children have reached the age of eighteen (18). The amount in question is an arrearage on past due support payments and the Plaintiff argues that to find the debt nondischargeable would not have the effect of providing for the present needs of the children. The *Calhoun* opinion recognized the

distinction between a "present need" for support and a past unfulfilled need in its Footnote 9 which stated:

> At issue in the present case is solely the dischargeability of a continuing obligation to hold the former spouse harmless on past marital debts. There has been no claim made that Calhoun is in arrears on past payments due under this obligation. The dischargeability of such unpaid past liabilities requires an analysis distinct from consideration of whether the continuing obligation to hold harmless may be discharged.

*In re Calhoun* at 1109.

Since the Bankruptcy Court is a court of equity, the competing policies of bankruptcy law and family law must be carefully weighed. *In re Jones*, 94 B.R. 99, 102 (Bankr.N.D.Ohio 1988). In 1981, 11 U.S.C. § 523(a)(5) was amended to find child support obligations assigned to a State pursuant to Section 402(a)(26) of the Social Security Act, 42 U.S.C. § 602(a)(26), nondischargeable. According to the House and Senate reports, the Committee's basis for the amendment was stated as a belief that "a parents obligation to support his child is not one that should be allowed to be discharged by filing for bankruptcy, and that a child support obligation assigned to a state as a condition of AFDC eligibility should not be subject to termination in that way." H.R.Rep. No. 208, 97th Cong., 1st Sess. 986 (1980); S.Rep. No. 139, 97th Cong., 1st Sess. 523 (1980). This Court recognizes the public policy interests of the individual States in insuring that children are maintained from the resources of their parents and that the financial burden should not be borne by the general citizenry.

In light of the public policy interests expressed by the legislature and Footnote 9 of *Calhoun*, this Court acknowledges that a "present needs test" is not necessarily an appropriate test for analyzing past due obligations. Therefore, as has already been expressed in *Swiczkowski* at 491, in applying the *Calhoun* analysis to past due obligations, "This Court will determine whether the divorce related obligation *would have* provided necessary support at any time from the date the obligation became due to the date the obligation is submitted to this Court for a decision on dischargeability under § 523(a)(5)."

This Court thus finds that the second phase of the *Calhoun* analysis has been met. Ms. Moss's application for, and the States' granting of Aid to Dependent Children payments, provide a sufficient basis for a finding that the child support payments ordered by the Courts in 1974 and 1982 would have provided necessary support had they been paid when due.

With regards to the third phase of the *Calhoun* analysis, the Plaintiff argues that his ability to maintain his current household would be severely affected if the debt is held nondischargeable. *Calhoun* specifically limits the inquiry into the reasonableness of the support obligation to whether the amount of an uncontested settlement agreement is manifestly unreasonable in view of the earning power and financial status of the debtor spouse, *at the time of the settlement*. *Calhoun* at 1110. Footnote 11 in *Calhoun* goes on to state that:

> If the circumstances of the debtor have changed from the time the obligation to the former spouse to pay joint debts was created so as to make such support now inequitable the bankruptcy court may consider the debtor's *current* general ability to pay insofar as it relates to the *continuing* obligation to assume joint debts.

*Calhoun* at 1110 (emphasis in original).

In light of Footnote 11, it is clear that *Calhoun* intended that the debtor's current financial status should only be considered in regard to the continuing portion of a support obligation and not to any arrearage. While the Plaintiff contends that if the arrearage is held nondischargeable, he will not net over One Hundred Dollars ($100.00) per week, no evidence has been put forth which would indicate that the payment of Twenty Five Dollars ($25.00) per week in 1974, or Forty Dollars ($40.00) per week in 1982 was manifestly unreasonable. *Calhoun* neither requires nor suggests that a support obligation

which has been ignored by the obligor for an extended period of time (nearly eighteen (18) years in this case), should not be held nondischargeable because of the hardship which the debtor would now face in paying off such a large sum. Having no basis upon which to find the support payments unreasonable at the time they were ordered to be paid, this Court must agree with the finding in *Jones* that the "obligations arising out of the family relationship and the stability generated thereby outweighs (sic) the general bankruptcy goal of a fresh start." *Jones* at 102.

For the foregoing reasons, this Court finds that the Plaintiff's arrearage in child support is nondischargeable under 11 U.S.C. § 523(a)(5).

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they were specifically referred to in this opinion.

Accordingly, it is

ORDERED that the Plaintiff's Motion for Summary Judgement be, and is hereby, DENIED.

It is FURTHER ORDERED that the arrearage in child support of Twenty-two Thousand Six Hundred and Ninety-one Dollars ($22,691.00) be, and is hereby, NON-DISCHARGEABLE.