In re Samuel Carmen David
SANDOVAL, Debtor.

Sandra LINTHICUM–SANDOVAL,
Plaintiff,

v.

Samuel Carmen David SANDOVAL,
Defendant.

Bankruptcy No. 91–34317.
Adv. No. 92–3081.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Dec. 21, 1992.

Susan L. Luxon, Toledo, OH, for plaintiff.

Michael W. Bragg, Toledo, OH, for defendant.

### MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Plaintiff's Complaint to Determine Dischargability and Defendant's Answer. At the trial, the parties were afforded the opportunity to present evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the entire record in this case. Based upon that review, and for the following reasons, this Court finds that Defendant's obligation of periodic payments to Plaintiff is intended as support. Pursuant to 11 U.S.C. § 523(a)(5), Defendant's obligation of support is Nondischargeable.

### FACTS

In 1981, Plaintiff obtained an associates degree in nursing and was subsequently trained as an emergency trauma nurse. On November 17, 1984, she married Defendant and for six years, worked as his office nurse. Plaintiff was occasionally paid a salary while working for Defendant; however, she was not aware of Defendant's personal or business income. On January 24, 1991, Plaintiff and Defendant were divorced. Pursuant to the Judgment Entry of Divorce, Plaintiff agreed to vacate the marital residence valued by Defendant at approximately One Hundred Sixty Thousand and 00/100 Dollars ($160,-000.00) by March 15, 1991. Plaintiff was awarded Eight Thousand Forty and 00/100 Dollars ($8,040.00) to be paid upon return of the Jeep; various household goods and furnishings; spousal support and a dog, registered with the American Kennel Club. Defendant was awarded the marital residence; a time-share property in Las Vegas, Nevada; and his Cadillac Coupe de Ville. In September, 1991, Plaintiff married her present spouse, Robert Massengill.

During her marriage to Defendant, Plaintiff was tested for hearing loss. A hearing aid was recommended; however, Plaintiff's vanity precluded her from purchasing one. In March, 1991, Plaintiff was again tested for a hearing loss. At this time, she was unable to afford a hearing aid. From March, 1991 through June, 1991, Plaintiff was employed by a hospital. She quit this job in June, 1991 because of the anxiety associated with the affect of her hearing loss on patient care.

Defendant obtained his medical degree in 1978 and became board certified in 1982. Defendant maintained a medical practice in Port Clinton, Ohio which apparently relied heavily upon payment from Medicaid. Medicaid was slow in its reimbursement and consequently Defendant filed a petition under Chapter 7 of the Bankruptcy Code. According to Defendant's schedules accompanying the petition, his net monthly income totalled Eight Thousand and 00/100 Dollars ($8,000.00). Defendant closed his Port Clinton practice and relocated to Millersburg, Ohio in August, 1992.

The parties negotiated settlement of all issues related to their divorce. The Judgment Entry of Divorce, signed by both parties and counsel, was journalized on January 24, 1991 and states in relevant part the following:

"1. Plaintiff is to receive from [sic] directly from Defendant, within thirty (30) days of the date of this agreement, the sum of Eight Thousand, Forty Dollars ($8,040.00) in full and complete payment of

any and all arrearage on temporary spousal support as the parties have agreed that the arrearage shall be reduced to this sum. The parties agree that this payment satisfies any and all temporary support orders, and the Ottawa County Child Support Enforcement Agency is ordered to Amend its records accordingly.

5. Plaintiff is to return to Defendant the Jeep vehicle presently being leased through Tri–Motor Sales, Inc., within twenty-four (24) hours of receipt of the Eight Thousand, Forty Dollars ($8,040.00) payment referred to in Paragraph 1 or by March 15, 1991, whichever event occurs sooner.

15. Defendant agrees to pay to the Plaintiff, spousal support, plus appropriate poundage, through the Ottawa County Child Support Enforcement Agency, as follows: One Thousand, Eight Hundred Dollars ($1,800.00) per month for a period of twenty-one (21) months. Defendant further agrees to pay, as and for spousal support, the amount of One Thousand Dollars ($1,000.00) per month, plus poundage, through the Ottawa County Child Support Agency for a period of three (3) months following the twenty-one-month period referred to above. Said spousal support obligation shall terminate upon the death of Plaintiff. The foregoing is the complete spousal support obligation of the Defendant, and there are no other obligations of alimony or support of the Plaintiff and the Defendant to each other."

Both parties admit that the negotiated settlement was one into which they entered so that the divorce could be expeditiously concluded. Plaintiff alleges that the Judgment Entry specifically states that Defendant pay her spousal support, which is not dischargeable. Plaintiff acknowledges that Defendant has paid her One Thousand Eight Hundred and 00/100 Dollars ($1,800.00) toward his support obligation. Plaintiff claims resultant indebtedness of Thirty Nine Thousand and 00/100 Dollars ($39,000.00) as spousal support; Two Hundred Fifty and 00/100 Dollars ($250.00) as attorney fees; and One Hundred Twenty and 00/100 Dollars ($120.00) as filing fee.

Defendant alleges that the Judgment Entry of Divorce does provide for periodic payments to Plaintiff which are designated as spousal support. He does not recall Plaintiff's hearing loss being the basis for negotiation of spousal support. Defendant opined that Plaintiff is capable of working even with a hearing loss. Therefore, he maintains an award of spousal support was not necessary for her continued support. He stated he signed the Separation Agreement understanding that it indicated a property settlement in lieu of spousal support, thereby making the debt dischargeable.

### LAW

The controlling statute in this case is 11 U.S.C. § 523(a)(5) which reads as follows:

**§ 523. Exceptions to discharge.**

(a) A discharge under section 727, 1141, 1228(a), 1229(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

### DISCUSSION

This Court must determine whether Defendant's obligation is in the nature of spousal support or property settlement. As set

forth in *In re Calhoun,* 715 F.2d 1103 (6th Cir.1983), the formula for determining whether support payments are in the nature of alimony or property settlement is:

1.  Whether the intent of the state court or the parties was to create a support obligation?

2.  Whether the support provision has the actual effect of providing necessary support?

3.  Whether the amount of support is so excessive as to be unreasonable under traditional concepts of support? and

4.  If the amount of support is unreasonable, how much of it should be characterized as nondischargeable for purposes of federal bankruptcy law?

When making the determination under *Calhoun, id,* the court must look beyond the language of the decree to the intent of the parties and to the substance of the obligation. *Shaver v. Shaver,* 736 F.2d 1314 (9th Cir.1984) citing (*In re Maitlen,* 658 F.2d 466 (7 Cir.1981)). Irrespective of how it is labelled, a court may presume that a so-called property settlement is intended for support when the circumstances of the case indicate that the recipient spouse needs support. *In re Singer,* 787 F.2d 1033 (6th Cir. 1986) citing (*Shaver v. Shaver,* 736 F.2d 1314 (9th Cir.1984)). Typically, a property settlement is not affected by a change in the personal circumstances of the recipient spouse. *In the Matter of Albin,* 591 F.2d 94 (9th Cir.1979). Spousal support is generally subject to termination based upon a change in the circumstances of the parties. Support payments tend to mirror the recipient spouse's need for support; are paid directly to the recipient spouse; and are generally paid over a substantial period of time. *In the Matter of Albin, id,* at 97.

In the present case, the state court intended to create an obligation of support. The Judgment Entry of Divorce includes a distinct apportionment of the parties' personal and real property. The entry specifically earmarks Defendant's obligation for Plaintiff's sustenance as "spousal support", terminable upon her death. Since Plaintiff was displaced from her husband's failed business, spousal support was ordered to sustain Plaintiff during her attempts at reentering the workforce. During the marriage, Plaintiff was not involved in the parties' financial matters nor did she collect a regular paycheck. It is apparent that she relied upon Defendant for her financial support. Plaintiff moved from the marital residence in March, 1991 and needed an ongoing source of support for her sustenance. Each of these factors indicates that the award of spousal support was specifically for her sustenance and not included within the property settlement. Clearly the intent of these parties and the state court was to provide Plaintiff with support. The provision of spousal support had the actual effect of providing the necessary support for Plaintiff.

Although Defendant never raised the issue with respect to the reasonableness of his obligation for spousal support, the standard of living suggested by the testimony of the parties as well as the Judgment Entry of Divorce supports this Court's conclusion that the award of spousal support is reasonable. Defendant was ordered to pay the sum of One Thousand Eight Hundred and 00/100 Dollars ($1,800.00) for period of twenty-one months. This amount was scheduled for reduction to One Thousand and 00/100 Dollars ($1,000.00) for the final three (3) months of the twenty-four (24) month obligation. These parties resided in a home valued at One Hundred Sixty Thousand and 00/100 Dollars ($160,000.00). They enjoyed a time-share property in Las Vegas, Nevada. Plaintiff drove a leased Jeep while Defendant drove a Cadillac Coupe de Ville. Defendant's statement of affairs shows that during the final year of his marriage to Plaintiff and at the time he filed his petition for bankruptcy, his net monthly income totalled Eight Thousand and 00/100 Dollars ($8,000.00). An award of spousal support totalling One Thousand Eight Hundred 00/100 Dollars ($1,800.00) per month for twenty-one (21) months and One Thousand and 00/100 Dollars ($1,000.00) per month for three (3) months is not excessive based upon the evidence regarding the parties' income and lifestyle.

The terms of the Judgment Entry of Divorce are consistent with a support obli-

gation. The parties entered into settlement agreement with the intent to provide monetary support to Plaintiff and therefore the obligation is in the nature of a support obligation. Under 11 U.S.C. § 523(a)(5)(B), Defendant's obligation for spousal support is nondischargeable.

This Court is without sufficient evidence to ascertain the sums due and owing pursuant to paragraph fifteen (15) on page 6 of the Judgment Entry of Divorce journalized on January 24, 1991. Therefore, the parties are Ordered to submit this matter to the appropriate Ottawa County Support Enforcement Agency for computation of amounts remaining unpaid and due Plaintiff on Defendant's obligation of spousal support.

In reaching the conclusion found herein, the Court has considered the demeanor of the witnesses, all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that Defendant's obligation for periodic payments to Plaintiff is deemed spousal support; and that pursuant to 11 U.S.C. § 523(a)(5)(B), Plaintiff's obligation of spousal support is **NONDISCHARGEABLE.**

It is **FURTHER ORDERED** that Plaintiff is granted a judgment against Defendant for the following: 1) Those sums found due and owing by the Ottawa County Support Enforcement Agency, all pursuant to paragraph 15 on page 6 of the Judgment Entry of Divorce journalized on January 24, 1991; 2) Attorney fees in the amount of Two Hundred and Fifty and 00/100 Dollars ($250.00); and 3) Filing fee in the amount of One Hundred Twenty and 00/100 Dollars ($120.00).