In the Matter of Larry WEBB, Barbara Webb, Debtors.

GEORGIA DEPARTMENT OF HUMAN RESOURCES, ex rel., Katrina HILL, Verliss Wright, Erica Wright, Plaintiff,

v.

Larry WEBB, Barbara Webb, Defendants.

Bankruptcy No. 92–31330 RFH. Adv. No. 94–3013.

United States Bankruptcy Court, M.D. Georgia, Athens Division.

Sept. 2, 1994.

Douglas Newsome Asst. Dist. Atty., Child Support Enforcement Office, Eatonton, GA, for plaintiff.

Lee P. Morgan, Morgan & Silver, Athens, GA, for defendants.

### *MEMORANDUM OPINION*

ROBERT F. HERSHNER, Jr., Chief Judge.

The Georgia Department of Human Resources, *ex rel.*, Katrina Hill, Verliss Wright, and Erica Wright, Plaintiff, filed an adversary proceeding on March 17, 1994. Larry Webb and Barbara Webb, Defendants, filed their response on March 30, 1994. A trial was held on August 24, 1994. The Court, having considered the stipulation of facts and

the arguments of counsel, now publishes its memorandum opinion.

## FINDINGS OF FACT

The material facts have been stipulated by the parties. Walter Wright was obligated to pay child support on behalf of his children. Mr. Wright failed to pay this support. Two income deductions orders were issued to Mr. Wright's employer, the Defendants in this adversary proceeding. The income deduction orders required that Defendants deduct $57 each week from Mr. Wright's pay in order to satisfy his child support obligation. Defendants failed to make these deductions. Under Georgia law, Defendants are liable for any amount they willfully failed to deduct.[1] Plaintiff filed an action in state court to recover from Defendants the amount they failed to deduct. This action was stayed when Defendants filed their bankruptcy petition on December 16, 1992.[2]

Defendants should have deducted a total of $2,284.25 from Mr. Wright's pay. Defendants are not related to Mr. Wright's children. Defendants' amended bankruptcy schedules list a debt owed to Plaintiff as unsecured, nonpriority for "wage deduction claims."

## CONCLUSIONS OF LAW

Plaintiff contends that Defendants' obligation is in the nature of child support and, thus, is nondischargeable under section 523(a)(5) of the Bankruptcy Code.[3] The section provides:

§ 523. Exceptions to discharge

(a) A discharge under section 727, 1141[,] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(5) *to a spouse, former spouse, or child of the debtor,* for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

11 U.S.C.A. § 523(a)(5) (West 1993) (emphasis added).

The term " 'debtor' means person or municipality concerning which a case under this title has been commenced." 11 U.S.C.A. § 101(13) (West 1993).

Neither Plaintiff nor Defendants have found any case authority addressing the dischargeability of an employer's obligation to deduct child support payments from an employee's pay.

Plaintiff relies upon *Costell v. Costell (In re Costell)*,[4] a decision by the Bankruptcy

---

1. O.C.G.A. § 19–6–33(e)(4) (Supp.1994) provides:

    19–6–33. **Notice and service of income deduction order; hearing on enforcement of order; discharge of obligor; penalties.**

    . . . .

    (e) The notice to payor shall contain only information necessary for the payor to comply with the income deduction order. The payor shall have the duties, penalties, and rights specified in the notice. The notice shall:

    . . . .

    (4) Specify that if a payor willfully fails to deduct the proper amount from the obligor's income, the payor is liable for the amount the payor should have deducted, plus costs, interest, and reasonable attorney's fees;

    O.C.G.A. § 19–6–33(e)(4) (Supp.1994).

2. Defendants filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code. Their bankruptcy was converted to a Chapter 7 bankruptcy case on December 20, 1993.

3. 11 U.S.C.A. § 523(a)(5) (West 1993).

4. 75 B.R. 348 (Bankr.N.D.Ohio 1987).

Court for the Northern District of Ohio. In that case, the bankruptcy court stated:

In the *Calhoun* decision, the Sixth Circuit Court of Appeals established the guidelines for analyzing the nature of divorce obligations under § 523(a)(5). *In re Calhoun,* 715 F.2d 1103 (6th Cir.1983). The "Calhoun test" has been summarized as follows:

(a) whether the *intent* of the state court or the parties was to create a support obligation;

(b) whether the support provision has the actual *effect* of providing necessary support;

(c) whether the amount of support is so excessive as to be *unreasonable* under traditional concepts of support; and

(d) if the amount of support is unreasonable, how much of it should be characterized as nondischargeable for purposes of federal bankruptcy law.

*In re Singer,* 787 F.2d 1033, 1036 (6th Cir.1986) (Guy, J., concurring).

75 B.R. at 355 (emphasis original).

*Contra Harrell v. Sharp (In re Harrell),* 754 F.2d 902, 907 (11th Cir.1985) ("Congress intended that bankruptcy courts make only a simple inquiry into whether or not the obligation at issue is in the *nature* of support") (emphasis in original).

Plaintiff contends that the intent of the income deduction orders was to create a support obligation between Defendants and the children of Mr. Wright. Defendants contend the Court should strictly construe the phrase "any debt to a child of the debtor." It is undisputed that Defendants' (the "debtors") obligation created by order of the state court was not for support of their child.

When a statute's language is plain, "the sole function of the courts is to enforce it according to its terms." *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989).

"[T]he exceptions to dischargeability are to be construed strictly, and the burden is on the creditor to prove the exception." *Schweig v. Hunter (In re Hunter),* 780 F.2d 1577, 1579 (11th Cir.1986). "The exceptions to discharge were not intended and must not be allowed to swallow the general rule favoring discharge." *Murphy & Robinson Investment Co. v. Cross (In re Cross),* 666 F.2d 873, 880 (5th Cir. Unit B 1982).

The Court is persuaded that Defendants' obligation does not come within the exception to dischargeability found in section 523(a)(5).

An order in accordance with the memorandum opinion will be entered this date.