**In re Fred S. SILVERSTEIN, Jr., Debtor.**

**Fred S. SILVERSTEIN, Jr., Plaintiff,**

**v.**

**Melanie Morris GLAZER, Defendant.**

**Bankruptcy No. 94–10166.**
**Adv. No. 94–0887.**

United States Bankruptcy Court,
W.D. Tennessee,
Eastern Division.

Aug. 18, 1995.

John L. Ryder, Toni Campbell Parker, Apperson, Crump, Duzane & Maxwell, PLC, Memphis, TN, for defendant.

Jennie D. Latta, Memphis, TN, Michael T. Tabor, Jackson, TN, for plaintiff/debtor.

**MEMORANDUM OPINION AND ORDER RE COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

G. HARVEY BOSWELL, Bankruptcy Judge.

This contested matter is before the Court on a Motion for Summary Judgment filed by

the defendant, Melanie Morris Glazer, and on a Motion for Summary Judgment filed by the plaintiff and debtor in this case, Fred S. Silverstein, Jr. A hearing was held before this Court on June 5, 1995. For the reasons set forth in this opinion, the Court grants partial summary judgment to the defendant and denies Plaintiff/Debtor his Motion for Summary Judgment. The following shall serve as this Court's Findings of Fact and Conclusions of Law, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## FACTS

On September 24, 1975, defendant, Melanie Glazer, was granted an absolute divorce from Plaintiff/Debtor, Fred S. Silverstein. Custody of the parties' two minor children was granted to Mrs. Glazer, and the debtor was ordered to pay Mrs. Glazer twenty percent (20%) of all gross income of any and every nature as child support. (Debtor's Exhibit A.) On August 24, 1979, Mr. Silverstein petitioned the Circuit Court in Davidson County, Tennessee for a modification of the child support order. (Debtor's Exhibit B.) Mrs. Glazer responded by filing a cross-petition seeking a judgment for child support arrearage. (Debtor's Exhibit C.) For reasons which are unclear from the record, a trial in this matter was not held until January 16, 1986. The decision rendered by the trial court was appealed to the Tennessee Court of Appeals, who partially remanded the case back to state trial court. (Debtor's Exhibit O.)

On May 26, 1988, the Circuit Court for Davidson County entered a judgment for Mrs. Glazer against debtor in the amount of $68,243.17, but denied an award for attorney's fees. (Debtor's Exhibit P.) Upon a Motion to Amend the Judgment, another division of the Circuit Court of Davidson County granted a judgment awarding Mrs. Glazer $10,278.00 in attorney's fees incurred by Mrs. Glazer for the appeal of the child support matter. This judgment was in addition to the judgment of $68,243.17 which was previously awarded by the Davidson County Circuit Court on May 26, 1988. (Debtor's Exhibit R.)

On January 27, 1994, debtor filed a Petition for Relief under Chapter 11 of the U.S. Bankruptcy Code. At the time of the filing of his Chapter 11 petition, Debtor owed Mrs. Glazer $111,802.85 in outstanding child support and interest. On September 9, 1994, Debtor filed the instant adversary proceeding requesting a determination of the dischargeability of this obligation. Defendant, Mrs. Glazer, filed a Motion for Summary Judgment on May 25, 1995, and Debtor filed his motion for summary judgment on May 26, 1995.

## DISCUSSION AND CONCLUSIONS

Pursuant to 11 U.S.C. § 523(a)(5)(B), "any debt to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for or support of such spouse or child in connection with a separation agreement, divorce decree or other order of a court of record," is non-dischargeable to the extent that "such liability is actually in the nature of alimony, maintenance, or support."

The issues before this Court are: (1) whether the May 26, 1988 judgment for $68,243.17 in favor of Defendant, Mrs. Glazer, for child support arrearage is non-dischargeable; (2) whether the September 1988 judgment of $10,278.00 awarded to Defendant for attorney's fees incurred by Mrs. Glazer on the appeal is non-dischargeable; and (3) whether the post-judgment interest, which has accrued on both judgments pursuant to Tennessee Code Annotated § 47–14–121, is non-dischargeable.

### A. Summary Judgment Standard

Because this matter is before the Court on motions for summary judgment made by both parties, this Court must decide whether there exists any genuine disputed issue of material fact. In considering a motion for summary judgment, the following standard, as found in Rule 56 of the Federal Rules of Civil Procedure,[1] is to be employed:

---

1. Rule 7056 of the Federal Rules of Bankruptcy Procedure states that Federal Rule of Civil Proce-

dure 56 applies in adversary proceedings.

The summary judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c).

The moving party bears the initial burden of demonstrating that there is no genuine disputed issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In this case, Defendant has shown that the $68,243.17 judgment for child support arrearage, as well as the $10,278.00 judgment for attorney's fees associated with the appeal of her case, are actually in the nature of support and are therefore non-dischargeable. Consequently, Defendant is entitled to partial summary judgment as to these issues.

### B. Dischargeability of $68,243.17 Judgment for Child Support Arrearage

■ In order for the judgment for the child support arrearage to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(5), it must be an obligation that is actually in the nature of support. Throughout the history of this case, both parties have labeled this obligation as child support. There is no question that when the judgment was granted, it was a judgment for child support which had not been paid to Mrs. Glazer by Mr. Silverstein. There is no need to apply the four step analysis found in *In re Calhoun*, 715 F.2d 1103 (6th Cir.1983), because this obligation has been clearly designated by the parties as child support. *See In re Fitzgerald*, 9 F.3d 517 (6th Cir.1994).

Defendant has met her burden of proving that this judgment was actually in the nature of support, therefore the Court finds and concludes that the $68,243.17 judgment for the child support arrearage is non-dischargeable pursuant to 11 U.S.C. § 523(a)(5).

### C. Dischargeability of $10,278.00 Judgment for Attorney's Fees

■ The State of Tennessee recognizes the right of the custodial parent to bring suit to enforce the children's right of support and to recover reasonable attorney's fees from the obligor spouse. *Graham v. Graham*, 140 Tenn. 328, 204 S.W. 987, 989 (1918). Pursuant to Tennessee Code Annotated § 36–5–103(c) a spouse who brings a suit to enforce any decree for child support at the original hearing, or at any subsequent hearing, may be awarded attorney's fees for such action at the court's discretion. In this case, the Second Circuit Court for Davidson County Tennessee awarded Mrs. Glazer $10,278.00 for attorney's fees in the appeal of her suit to collect child support arrearage.

This Court finds and concludes that Mrs. Glazer's award of statutory attorney's fees by the state court is an ancillary obligation to the child support obligation, and it is actually in the nature of support. *See In re Paulson*, 27 B.R. 330 (Bankr.W.D.Tenn.1983). Therefore, this obligation is non-dischargeable pursuant to 11 U.S.C. § 523(a)(5).

### D. Dischargeability of Statutory Post–Judgment Interest

■ Although this issue was not specifically addressed by either party, a portion of Defendant's claim is for post-judgment interest, which accrued to Defendant's judgments against Mr. Silverstein pursuant to Tennessee Code Annotated § 47–14–121. Because this interest has accrued by virtue of a state statute which provides for interest on all judgments, the Court finds, as a matter of law, that it is not actually in the nature of support, and is therefore dischargeable.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the $68,243.17 judgment for the child support arrearage awarded to Defendant on May 26, 1988, as well as the $10,278.00 award to Defendant, Melanie Morris Glazer, for attorney's fees, are actually in the nature of support, and are therefore non-dischargeable obligations pursuant to 11 U.S.C. § 523(a)(5). Accordingly, partial summary judgment is granted to Defendant, Melanie Morris Glazer, on these issues.

**IT IS FURTHER ORDERED** that, as a matter of law, the post-judgment statutory interest which has accrued on the child sup-

port arrearage judgment and on the judgment for attorney's fees is not in the nature of support, and is therefore dischargeable in bankruptcy.

**IT IS SO ORDERED.**