**In Re: Roger D. McCLELLAND,**
**Debtor.**

**Brenda Harvey, Plaintiff,**

v.

**Roger D. McClelland, Defendant.**

**No. 99–3135.**

United States Bankruptcy Court,
N.D. Ohio.

Feb. 1, 2000.

---

William L. Swope, Findlay, OH, for Plaintiff.

John P. Korn, Toledo, OH, for Defendant.

## OPINION AND ORDER

RICHARD L. SPEER, Chief Judge.

In the above captioned adversary proceeding, the Plaintiff has asked this Court to find that a certain marital debt owed to the Plaintiff's father is nondischargeable pursuant to subparagraphs (5) and (15) of 11 U.S.C. § 523(a). In response thereto, the Defendant filed a Motion for Summary Judgment, the determination of which constitutes the focus of the instant Opinion. In ruling on the Defendant's Motion for Summary Judgment, this Court, in accordance with the Bankruptcy Rules of Procedure, will deny the Motion unless it finds that the Defendant, as a matter of law, is entitled to a judgment in his favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c); Fed.R.Bankr.P. 7056. In making this determination, all the relevant facts of this case, which are briefly as follows, will be viewed in a light most favorable to the Plaintiff. *R.E. Cruise Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Roger McClelland (hereinafter Defendant) and Brenda Harvey (hereinafter Plaintiff) are former husband and wife who, during their approximately eight (8) years of marriage to one another, incurred a significant amount of marital debt. As a consequence of this marital debt, both Parties in 1996 sought help from the Plaintiff's father, David Harvey, who agreed to assume a majority of the debt in exchange for the Parties signing a promissory note in the amount of Thirty-six Thousand Dollars ($36,000.00).

Thereafter, the facts of this case show that for a relatively short period of time, the Defendant made regular payments on this indebtedness. However, in 1997, following the Parties' divorce, the Defendant stopped making payments altogether on the note to David Harvey despite the fact that he had acknowledged his obligation to David Harvey in the Parties' divorce decree. Therefore, as a result of the Defendant's nonpayment on the note, David Harvey brought suit and thereafter obtained a judgment against both the Defendant and the Plaintiff in the amount of Thirty-two Thousand Six Hundred Ninety-four and 46/100 Dollars ($32,694.46) plus interest at the rate of eight (8) percent. However, before David Harvey could attempt to collect on the judgment, the Defendant petitioned this Court for relief under Chapter 7 of the United States Bankruptcy Code. This event in turn lead to the instant adversary proceeding by which the Plaintiff seeks a ruling that the Defendant's portion of the debt to David Harvey is nondischargeable as spousal support under § 523(a)(5) and/or as a property settlement pursuant to § 523(a)(15).

In opposition thereto, the Defendant, in his Motion for Summary Judgment, asserts that the Plaintiff's case must be dismissed for the following two reasons: First, the Defendant asserts that § 523(a)(5) is not applicable in the present situation because, (1) no actual award of spousal support was made in the Parties' divorce decree, and (2) the requirements needed to prosecute a successful case under paragraph (a)(5), as outlined by the Sixth Circuit Court of Appeals in *Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103, 1107 (6th Cir.1983), and its later progeny,[1] have not been satisfied. Second, the Defendant argues that he is entitled to have the debt at issue discharged because his

---

1. *Fitzgerald v. Fitzgerald (In re Fitzgerald)*, 9 F.3d 517 (6th Cir.1993); *Sorah v. Sorah (In re Sorah)*, 163 F.3d 397 (6th Cir.1998).

mere acknowledgment of the joint debt to David Harvey in the Parties' decree of divorce was not, in and of itself, sufficient to create a nondischargeable property settlement under § 523(a)(15).

Proceedings brought pursuant to §§ 523(a)(5) & (15) are core proceedings pursuant to 28 U.S.C. § 157(b)(2), and in accordance with this grant of jurisdictional authority, this Court begins its analysis with an examination of the Defendant's arguments under § 523(a)(5).

### ANALYSIS UNDER § 523(a)(5)

■ Section 523(a)(5) provides, in pertinent part, that:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record. . . .

Determinations of nondischargeability under § 523(a)(5) are strictly questions of federal law. *Hoover v. Hoover (In re Hoover)*, 14 B.R. 592, 597 (Bankr.N.D.Ohio 1981). As a result, the label or labels a state court attaches to an obligation are not binding upon this Court. Notwithstanding, this does not mean that a state court's categorization of the underlying obligation is not important. In fact, recently the Sixth Circuit Court of Appeals has held that when a state court has specifically labeled an obligation as support, and the obligation has all the indicia of support, the obligation must be conclusively deemed as support under § 523(a)(5). *Sorah v. Sorah (In re Sorah)*, 163 F.3d 397 (6th Cir.1998). However, in cases such as this, where the state court has not specifically labeled an obligation as support, this Court must look behind the award that is made under state law and make an independent factual inquiry to determine whether the award is actually in the nature of support. *Samayoa v. Jodoin (In re Jodoin)*, 196 B.R. 845, 850 (Bankr.E.D.Cal.1996). In *Long v. Calhoun* the Sixth Circuit Court of Appeals held that at a minimum [2] this means ascertaining whether it was the intent of the state court to create a support obligation. 715 F.2d at 1109. In making this determination, this Court, along with the Sixth Circuit Court of Appeals, has delineated that the following factors should be considered:

(1) the disparity of earning power between the parties;

(2) the need for economic support and stability;

(3) the presence of minor children;

(4) marital fault;

(5) the nature of the obligations assumed;

(6) the structure and language of the parties' agreement or the court's decree;

(7) whether other lump sum or periodic payments were also provided;

(8) the length of the marriage;

(9) the age, health and work skills of the parties;

(10) whether the obligation terminates upon the death or remarriage of the parties;

(11) the adequacy of support absent the debt assumption; and

(12) evidence of negotiations or other understandings as to the intended purposes of the assumption.

*Singer v. Singer (In re Singer)*, 787 F.2d 1033, 1035 (6th Cir.1986); *In re Luman*, 238 B.R. 697, 706 (Bankr.N.D.Ohio 1999).

---

**2.** The other requirements enumerated in the *Calhoun* test include, (1) whether the support provision has the actual effect of providing necessary support, (2) whether the amount of the support provision is not so excessive as to be unreasonable under traditional concepts of support, and (3) if the amount of support is unreasonable, how much of it should be characterized as nondischargeable for purposes of federal bankruptcy law. *Luman v. Luman (In re Luman)*, 238 B.R. 697, 705 (Bankr. N.D.Ohio 1999).

■ Upon consideration of these factors, this Court, given the facts of this case, cannot find that it was the intent of the state court to create a support obligation vis-a-vis the Parties' divorce decree. For example, there is absolutely no indication in this case that there is a great deal of disparity in the earning power between the two Parties, or that the Plaintiff has a significant need for spousal support, given her relatively young age and apparent good health at the time the Parties' marriage ended. In addition, none of the traditional markers of a support obligation are present in this case. Specifically, this Court observes that, (1) the obligation at issue did not terminate upon the death or remarriage of the Plaintiff, (2) the length of the Parties' marriage was relatively short, and (3) the Parties' divorce decree specifically stated that neither Party was obligated to pay the other Party spousal support. Accordingly, this Court holds that as a matter of law, it was not the intent of the state court to create a support obligation in the Parties' decree of divorce, and thus the Plaintiff may not rely on § 523(a)(5) to have the debt at issue determined nondischargeable.

## ANALYSIS UNDER § 523(A)(15)

■ In recognition of the difficulties that a non-debtor spouse could face if a debtor spouse were able to discharge all the obligations incurred in a marriage that were not in the nature of maintenance or support, Congress, in the Bankruptcy Reform Act of 1994, added paragraph (a)(15) to the list of nondischargeable debts under § 523. This section provides, inter alia, that:

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(15) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record ... unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor...; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a ... former spouse...

Under this statutory section, it is the non-debtor spouse who bears the initial burden to establish that the debt at issue was incurred in the course of a divorce or in connection with a divorce decree. *Newcomb v. Miley (In re Miley)*, 228 B.R. 651, 656 (Bankr.N.D.Ohio 1998). Thereafter, upon the non-debtor spouse establishing this burden, the debtor bears the burden to establish either an inability to pay the debt, or that a discharge would result in a benefit to the debtor which would outweigh the detrimental consequences to the former spouse. *Melton v. Melton (In re Melton)*, 228 B.R. 641, 645 (Bankr. N.D.Ohio 1998).

■ In the present case, the Defendant argues that § 523(a)(15) is not applicable in this case because the Plaintiff has not met her initial burden of establishing that the debt at issue was incurred in connection with a divorce decree. This supposition is based upon the Defendant's contention that his mere acknowledgment of the debt to David Harvey in the Parties' divorce decree was insufficient to constitute a debt incurred in connection with a divorce decree for purposes of § 523(a)(15). Stated in another way, the Defendant argues that a debt can only be considered incurred in connection with a divorce decree, for purposes of § 523(a)(15), when the decree itself creates an obligation to the former spouse which is new and independent from the underlying obligation. The specific language of the Parties' divorce decree to which the Defendant refers to states, in relevant part, that:

The Parties acknowledge that they have both signed a note to David Harvey, Sr. in the amount of $32,000.00,[3] evidenced by a note signed on January 29, 1996. Except as otherwise specified herein, each party shall be responsible for any debts incurred by that party in his/her individual name. Neither party shall incur any additional debt in the name or on the credit of the other.

The Court, after considering the Defendant's argument as it relates to the above-stated language of the Parties' divorce decree, finds that while it generally agrees with the Defendant's statement of law,[4] the Court does not concur in the Defendant's interpretation of the above enumerated paragraphs. Rather, this Court holds that the above-stated language would, in fact, create an obligation new and independent of the underlying obligation to David Harvey, and thus would be encompassed within § 523(a)(15)'s exception to discharge. This conclusion is based upon the Court's belief that the above enumerated paragraphs were not simply inserted into the Parties' divorce decree superfluously. Instead, the Court concludes that the above enumerated paragraphs were added to the Decree so as to ensconce each Parties' mutual and independent obligation on the debt owed to David Harvey. The Court does recognize that the scrivener of the Parties' divorce decree could have made his intentions clearer. However, given that all the other debts of the Parties' marriage were specifically allocated to either Brenda Harvey or Roger McClelland, and given the significant amount of the debt at issue in this case, the Court is simply not convinced that, as a matter of law, the above-stated language was added to the Parties' decree of divorce to simply memorialize the Parties' prior obligation to David Harvey. Consequently, the Court must deny the Defendant's Motion for Summary Judgment as it relates to dismissing Brenda Harvey's complaint under § 523(a)(15).

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

**ORDERED** that the Defendant's Motion for Summary Judgment be, and is hereby, GRANTED to the extent of dismissing the Plaintiff's Complaint under 11 U.S.C. § 523(a)(5); but that the Defendant's Motion for Summary Judgment be, and is hereby, DENIED to the extent of dismissing the Plaintiff's Complaint under 11 U.S.C. § 523(a)(15).

It is **FURTHER ORDERED** that a Trial on the matter of whether the Defendant is entitled to a bankruptcy discharge on the debt incurred with David Harvey, pursuant to 11 U.S.C. § 523(a)(15)(A) and/or 11 U.S.C. § 523(a)(15)(B), shall be, and is hereby, scheduled for one-half day on March 21, 2000 at 10:00 A.M. in Courtroom # 1, Room 119, United States Courthouse, 1716 Spielbush Avenue, Toledo, Ohio.

---

**3.** This amount apparently represents, at the time of the Parties' divorce decree, the outstanding balance due on the promissory note to David Harvey.

**4.** *See Gibson v. Gibson (In re Gibson),* 219 B.R. 195, 202–03 (6th Cir. BAP 1998) (interpreting the word "incurred in" § 523(a)(15)); *Stegall v. Stegall (In re Stegall),* 188 B.R. 597, 598 (Bankr.W.D.Mo.1995) (new obligation required before § 523(a)(15) is applicable).