In re Robert T. GOANS, Debtor.

Suzanne Goans and Leslie Anne Logan, Plaintiffs,

v.

Robert T. Goans, Defendant.

Bankruptcy No. 00–52480–R.

Adversary No. 00–4786.

United States Bankruptcy Court, E.D. Michigan, Southern Division.

June 22, 2001.

530

Douglas E. Kuthy, West Bloomfield, MI, for Debtor.

Wendy Turner Lewis, Detroit, MI, trustee.

*Amended Opinion Regarding Plaintiffs' Motion for Summary Judgment*

STEVEN W. RHODES, Bankruptcy Judge.

## I.

Suzanne Goans and Robert Goans were divorced on May 9, 2000. In the judgment of divorce, the debtor was ordered to pay $4,000 of Suzanne Goans' attorney fees to Leslie Anne Logan. The divorce judgment also provided that Robert Goans was to be solely responsible for the marital debts to MBNA, Advanta and Ameritech Cellular. On August 21, 2000, Robert Goans filed for chapter 7 bankruptcy relief.

Suzanne Goans and Leslie Anne Logan filed this adversary proceeding seeking a determination that the debt for attorney fees and the marital debt obligations are nondischargeable under 11 U.S.C. § 523(a)(5). The plaintiffs now move for summary judgment. Robert Goans filed an objection. The Court has determined that oral argument is not necessary.

## II.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472 (6th Cir.1989) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Once the moving party satisfies its burden, "the burden shifts to the non-moving party to set forth specific facts showing a triable issue." *Janda v. Riley–Meggs Indus., Inc.,* 764 F.Supp. 1223, 1227 (E.D.Mich.1991). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Summary judgment is appropriately granted where the issues in a case involve no more than the application of legal principles to undisputed facts. *See Choate v. Landis Tool Co.,* 486 F.Supp. 774 (E.D.Mich.1980).

## III.

11 U.S.C. § 523 provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . .

> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record . . . but not to the extent that—

. . .

> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

11 U.S.C. § 523(a)(5).

 " '[T]he terms "alimony" and "support" are given a broad construction to promote the Congressional policy that favors enforcement of obligations for spousal and child support.' 'Congressional policy concerning § 523(a)(5) has always been to ensure that genuine support obligations would not be dischargeable.' " *Bailey v. Bailey (In re Bailey),* 254 B.R. 901, 905 (6th Cir. BAP 2000) (quoting *Hayes v. Hayes (In re Hayes),* 235 B.R.

885, 891 (Bankr.W.D.Tenn.1999) (internal citations omitted)).

■ In *Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103 (6th Cir.1983), the Sixth Circuit established a four-step analysis for determining when an obligation, which is not specifically designated as alimony or maintenance, is nonetheless in the nature of support and thus nondischargeable. First, the obligation constitutes support only if the state court or parties intended to create a support obligation. Second, the obligation must have the actual effect of providing necessary support. Third, if the first two conditions are satisfied, the court must determine if the obligation is so excessive as to be unreasonable under traditional concepts of support. Fourth, if the amount is unreasonable, the obligation is dischargeable to the extent necessary to serve the purposes of federal bankruptcy law. *Calhoun*, 715 F.2d at 1109–10; *Singer v. Singer (In re Singer)*, 787 F.2d 1033, 1036 (6th Cir.1986).

■ In *Fitzgerald v. Fitzgerald (In re Fitzgerald)*, 9 F.3d 517 (6th Cir.1993), the Sixth Circuit revisited the issue of nondischargeability under § 523(a)(5) and, recognizing that *Calhoun* had been applied more broadly than intended, stated that the second element of the four-part test of *Calhoun*, commonly referred to as the "present needs" test, did not apply in situations where the obligation at issue was specifically denominated as alimony and intended by the state court or the parties as such. *Id.* at 520–521. *See also Chism v. Chism (In re Chism)*, 169 B.R. 163, 168 (Bankr.W.D.Tenn.1994); *Pinkstaff v. Pinkstaff (In re Pinkstaff)*, 163 B.R. 504, 507 (Bankr.N.D.Ohio 1994). The court in *Prager v. Prager (In re Prager)*, 181 B.R. 917 (Bankr.W.D.Tenn.1995), interpreted *Fitzgerald* as follows:

In *Fitzgerald*, the Sixth Circuit revisited its holding in *Calhoun* and in essence admonished that the *Calhoun* analysis is only to be applied in instances where the nature of an obligation under a divorce decree or marital dissolution agreement is unclear; however, where an obligation is labeled as alimony, maintenance, or support and the parties intended to create a support obligation, the bankruptcy court's inquiry should end.

*Prager*, 181 B.R. at 920. *See also Silverstein v. Glazer (In re Silverstein)*, 186 B.R. 85, 87 (Bankr.W.D.Tenn.1995) (No need to apply the four step analysis of *Calhoun* because obligation has been clearly designated by the parties as child support.).

■ More recently, in *Sorah v. Sorah (In re Sorah)*, 163 F.3d 397 (6th Cir.1998), the Sixth Circuit reiterated that when a state court specifically labels an obligation as support, and the obligation has all the indicia of support, the obligation should be conclusively presumed to be a support obligation by the bankruptcy court. The court stated:

There is a saying that if something looks like a duck, walks like a duck, and quacks like a duck, then it is probably a duck. In determining whether an award is actually support, the bankruptcy court should first consider whether it "quacks" like support. Specifically, the court should look to the traditional state law indicia that are consistent with a support obligation. These include, but are not necessarily limited to, (1) a label such as alimony, support, or maintenance in the decree or agreement, (2) a direct payment to the former spouse, as opposed to the assumption of a third-party debt, and (3) payments that are contingent upon such events as death, remarriage, or eligibility for Social Security benefits.

An award that is designated as support by the state court and that has the

above indicia of a support obligation (along with any others that the state support statute considers) should be conclusively presumed to be a support obligation by the bankruptcy court. A non-debtor spouse who demonstrates that these indicia are present has satisfied his or her burden of proving that the obligation constitutes support within the meaning of § 523, and is thus non-dischargeable. The burden then shifts to the debtor spouse to demonstrate that although the obligation is of the type that may not be discharged in bankruptcy, its amount is unreasonable in light of the debtor spouse's financial circumstances.

*Sorah,* 163 F.3d at 401 (citation omitted).

■ However, if the state court has not specifically labeled an obligation as support, the bankruptcy court "must look behind the award that is made under state law and make an independent factual inquiry to determine whether the award is actually in the nature of support." *Harvey v. McClelland (In re McClelland),* 247 B.R. 423, 426 (Bankr.N.D.Ohio 2000). *See also Luman v. Luman (In re Luman),* 238 B.R. 697, 705 n. 2 (Bankr.N.D.Ohio 1999) (When the obligation is not labeled support *Calhoun* still applies.).

■ To ascertain whether such an award is in the nature of support, the bankruptcy court must first determine whether the state court intended to create a support obligation. *Calhoun,* 715 F.2d at 1109. *See also McClelland,* 247 B.R. at 426. In determining intent, the bankruptcy court may consider any relevant factors, including: the nature of the obligation; the structure and language of the divorce decree; whether other lump sum or periodic payments were also provided; the length of the marriage; the relative earning powers of the parties; the age, health and work skills of the parties; the adequa-cy of support absent the obligation in question; and evidence of negotiation or other understandings as to the intended purpose of the obligations. *Calhoun,* 715 F.2d at 1108 n. 7.

### IV.

■ In the divorce judgment, Robert Goans' assumption of the marital debt obligation was not specifically labeled a support obligation. The Court must therefore determine whether it is in the nature of support, i.e., whether the state court intended to create a support obligation. The divorce judgment was structured to provide, under the "Spousal Support" section, for spousal support of $140.02 per week for 208 weeks. In a separate section, entitled "Marital Debts," the judgment states that Robert Goans is solely responsible for the unsecured credit card debt with MBNA, Advanta and Ameritech Cellular, and that Suzanne Goans shall be responsible for the unsecured debt with Providian, Visa and Wards. (See Judgment of Divorce, Plaintiffs' Ex. 10 at 8.)

Attached to Suzanne Goans' affidavit (Plaintiffs' Ex. 9) is a breakdown of her income. It shows that the marital debts she was ordered to pay total $250.00 per month. The marital debts Robert Goans was ordered to pay total $238.00 per month. It appears that the divorce court may have divided the marital obligations similar to the way a court might divide marital assets. However, as is also shown by Suzanne Goans' statement of income, her current income is insufficient to satisfy these debts. Suzanne Goans' income as a dog groomer for 2000 was $19,396. Robert Goans' income as a truck driver for 2000 was $49,308.82. Both parties have a high school diploma. The parties were married for 20 years, during which time Suzanne Goans was primarily a homemaker and full-time mother to the parties' now

14 year old daughter. There has been no evidence presented of negotiation or other understandings as to the intended purpose of the obligations. After considering these factors, the Court concludes that there are genuine issues of material fact as to the intent of the state court in ordering Robert Goans to pay certain marital obligations.

## V.

■■■■ The divorce judgment also ordered Robert Goans to pay $4,000 of Suzanne Goans' attorney fees. The award of attorney fees in a divorce judgment is usually found to be in the nature of support and thus nondischargeable. *See Pauley v. Spong (In re Spong)*, 661 F.2d 6 (2d Cir.1981); *In re Smither*, 194 B.R. 102 (Bankr.W.D.Ky.1996); *Hodges v. Martin J. Holmes & Assoc. (In re Hodges)*, 139 B.R. 846 (Bankr.N.D.Ohio 1991). In Michigan, attorney fees in a divorce action are awarded only as necessary to enable a party to prosecute or defend a suit. MCR 3.206(C)(2); *Maake v. Maake,* 200 Mich. App. 184, 189, 503 N.W.2d 664, 668 (1993). "A party may not be required to invade her assets to satisfy attorney fees when she is relying on the same assets for her support." *Id.* Accordingly, the Court concludes that this obligation was clearly structured as a support obligation.

"When the obligation is so structured, the only response available to the debtor spouse is to demonstrate that the obligation is unreasonable in light of the debtor's financial circumstances." *Sorah,* 163 F.3d at 402. In his response to the motion for summary judgment, Robert Goans did not offer any evidence, or even argue, that the obligation is unreasonable in light of his financial circumstances. Accordingly, the Court concludes that the $4,000 debt for attorney fees is nondischargeable under § 523(a)(5).

## VI.

The plaintiffs' motion for summary judgment is granted with respect to the attorney fees and denied with respect to the marital debt obligation.

An appropriate order will be entered.