## MAAKE v MAAKE

Docket No. 146480. Submitted December 9, 1992, at Detroit. Decided April 23, 1993; approved for publication June 17, 1993, at 9:05 A.M.

Paula K. Maake was granted a divorce from Douglas H. Maake, Jr., by the Washtenaw Circuit Court, Ross W. Campbell, J. The plaintiff appealed, raising issues concerning child support, medical insurance, alimony, property division, and attorney fees, and the defendant cross appealed, raising the issue of the plaintiff's custody of the parties' two children.

The Court of Appeals *held*:

1. The trial court made findings of fact concerning the statutory factors before awarding custody of the children to the plaintiff. The findings of fact were not clearly erroneous, and the court did not abuse its discretion by awarding custody of the children to the plaintiff.

2. The trial court clearly erred in its finding of the defendant's income and in basing its order of child support on that income. On remand, the trial court must redetermine child support.

3. The question of the propriety of requiring the plaintiff to pay a portion of the deductible of the medical insurance carried by the defendant for the children was not addressed adequately by the trial court and should be considered on remand.

4. The trial court's refusal to award the plaintiff alimony was inequitable and an abuse of its discretion. On remand, the trial court must determine a proper award of alimony.

5. The findings of fact of the trial court concerning the value of the business awarded to the defendant was clearly erroneous. The valuation of that property should be redetermined on remand.

6. The trial court's method of valuation of the parties' limited partnerships was improper. On remand, the trial court should consider dividing those assets separately from the other assets and should consider the parties' stated preference that the partnerships be split equally.

7. It was error for the trial court to refuse the plaintiff's

request for attorney fees. On remand, the trial court should consider the plaintiff's request for reasonable attorney fees.

Affirmed in part, reversed in part, and remanded.

*Katherine L. Barnhart, P.C.* (by *Katherine L. Barnhart*), for the plaintiff.

*Garris, Garris, Garris & Garris, P.C.* (by *Steven Z. Garris*), for the defendant.

Before: CAVANAGH, P.J., and MACKENZIE and GRIFFIN, JJ.

PER CURIAM. Plaintiff appeals as of right from a judgment of divorce, and defendant cross appeals. We affirm in part, reverse in part, and remand for further proceedings.

The parties were married on August 11, 1973, and have twin sons, Matthew and Brandon, born February 13, 1985. Defendant founded and operated Maake Enterprises, a manufacturer of low-temperature heating elements for truck mirrors. The parties also accumulated other substantial assets during the course of the marriage.

We first consider defendant's contention in his cross appeal that the trial court abused its discretion in awarding custody of the minor children to plaintiff solely on the basis of their tender years. After reviewing the record, we find no abuse of discretion and affirm the custody determination. Contrary to defendant's assertion, the trial court did make findings concerning the eleven factors that must be reviewed in child custody disputes, MCL 722.23; MSA 25.312(3), including the fact that although defendant is deeply attached to his sons, his judgment is questionable regarding appropriate activities for them. In addition, both the psychologist who performed a court-ordered evaluation of the children and the friend of the court

recommended that plaintiff have primary care. Findings of fact in child custody disputes are reviewed by this Court under the clearly erroneous standard, while the custody disposition is subject to review de novo. *Schubring v Schubring,* 190 Mich App 468; 476 NW2d 434 (1991). After a review of the record, we are satisfied that the court's findings regarding custody were not erroneous and that its decision to award custody was not an abuse of discretion.

In her appeal, plaintiff contends that the trial court erred in setting child support at $153 a week. We agree. The trial court clearly erred in basing defendant's child support obligations on an income of approximately $31,000. *Beason v Beason,* 435 Mich 791; 460 NW2d 207 (1990). The $31,000 figure testified to by appraiser Andrew Wilkinson represented the amount of money he believed someone could be paid to perform defendant's duties, although defendant, in fact, would receive $111,000 in profits. Further, as the trial court noted, if defendant abandoned his business he could earn $60,000 in the marketplace as an engineer. Given the absence of evidence to support the trial court's calculation of defendant's child support obligation based on an income of $31,000, we reverse the trial court's support order and remand for a redetermination of defendant's child support obligation. Plaintiff's request that the case be assigned to another judge is moot, because the judge who originally heard the matter has retired.

In a related argument, plaintiff also challenges the trial court's order requiring her to pay forty-five percent of the children's uninsured medical expenses in light of the $2,500 deductible for the medical coverage maintained by defendant. The trial court referred the issue of the large deductible to the friend of the court for investigation and

recommendation, but there apparently has been no further action by the friend of the court or the trial court regarding this matter. Because the question has not yet been addressed by the trial court, appellate review of the issue is precluded. The issue should be resolved on remand, however.

We also agree with plaintiff that the trial court erred in denying her request for alimony. Generally, alimony is to be based on what is just and reasonable under the circumstances. *Ackerman v Ackerman,* 163 Mich App 796, 803; 414 NW2d 919 (1987). Here, the parties were married eighteen years. Defendant is an engineer who has worked throughout the entire marriage and has built a successful company. Plaintiff, who has an undergraduate sociology degree, has not worked outside the home during the marriage except in the family business. As will be discussed below, the actual value of the assets awarded to plaintiff appears to be significantly less than the court's assessment. Defendant, on the other hand, was awarded the marital home, which is free from mortgages, and he deducts his personal expenses from business accounts. Under these circumstances, we are firmly convinced that the trial court's refusal to award plaintiff alimony was inequitable and, therefore, an abuse of discretion that requires reversal. See *Sparks v Sparks,* 440 Mich 141; 485 NW2d 893 (1992). On remand, the court shall determine the proper amount of alimony to be awarded to plaintiff.

Plaintiff also challenges the trial court's property division. First, plaintiff contends that the trial court's valuation of Maake Enterprises was clearly erroneous. We agree. Plaintiff's appraiser, Andrew Wilkinson, was associated with a firm that appraises closely held businesses. He assessed the business at $465,300. Defendant's appraiser, certi-

fied public accountant Earl Taylor, assessed the business at $44,825. The trial court set the value at $50,225. A review of the court's findings indicates that in reaching this figure the judge was mistaken about several factors. First, the business had been in operation for sixteen years, rather than six years—a significant error because the court found the business' earnings too speculative given its short life span. Next, the net income of the business had fluctuated from a low of $27,000, not $6,300, to a high of $181,056.50 in 1990. Moreover, the court misinterpreted Wilkinson's testimony by setting defendant's average compensation at $31,000. The court also mistakenly believed that Wilkinson valued the business at $603,800. Finally, despite defendant's testimony that his business had not been affected by the recession, the trial court nevertheless found that economic conditions affected its valuation. Given the trial court's failure to recognize the distinction between an accountant's and an appraiser's expertise in business valuations, see *Kowalesky v Kowalesky,* 148 Mich App 151, 156; 384 NW2d 112 (1986), and the factual mistakes which would affect the valuation of the business, we conclude that the court clearly erred in valuing the business at $50,225. Therefore, the value of the business should be reassessed on remand.

Plaintiff also contends that the trial court erred in its property distribution by overestimating the value of the parties' limited partnerships. Again, we agree. The trial court valued the partnerships on the basis of the amount invested in them rather than their current value, if any, and then awarded them to plaintiff. This method of valuation results in plaintiff receiving substantially less than defendant in the property division. On re-

mand, the trial court should consider treating the division of these assets separate and apart from the division of the parties' other assets and should consider adopting their stated preference that the partnerships be split equally.

Finally, plaintiff contends that the trial court erred in denying her request for attorney fees. The award of attorney fees in a divorce action is within the trial court's discretion. Fees are awarded only when it is necessary to enable the party to carry on or defend the suit. MCR 3.206(C)(2), formerly MCR 3.206(A)(2); *Wilson v Wilson,* 179 Mich App 519; 446 NW2d 496 (1989). This Court will not reverse the grant or denial of attorney fees absent a manifest abuse of discretion. *Id.* Here, we conclude that the trial court abused its discretion in refusing plaintiff's request for attorney fees. While the record suggests that defendant was "obstinate" with respect to discovery, there is no evidence that plaintiff hindered defendant's visitation with the children, as was stated by the trial court. Thus, the court's reasoning, that an award of attorney fees was not justified because the parties were *in pari delicto,* fails. Further, in denying plaintiff's request for alimony, the court stated that the assets awarded to plaintiff were sufficient to support her and the two children. A party may not be required to invade her assets to satisfy attorney fees when she is relying on the same assets for her support. *Kurz v Kurz,* 178 Mich App 284, 289; 443 NW2d 782 (1989). Accordingly, on remand the trial court should reconsider plaintiff's request for reasonable attorney fees.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We retain no further jurisdiction.