# STATE OF MICHIGAN

# COURT OF APPEALS

WESLEY A. GOSSETT,

      Plaintiff/Counter-
      Defendant/Appellee,

v

LORI SIMONS GOSSETT,

      Defendant/Counter-
      Plaintiff/Appellant.

UNPUBLISHED
August 4, 2015

No.   320373
Arenac Circuit Court
LC No. 13–012196-DM

Before:  GLEICHER, P.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right from a divorce judgment.  Defendant raises three primary challenges: first, that the trial court, in ruling that each party would be responsible for his and her attorney fees, improperly denied her request for attorney fees; second, that the trial court's spousal support award was inequitably low; and, third, that the trial court erred in its division of the marital property.  With respect to the property division, we affirm.  We remand to the trial court for further consideration of defendant's request for attorney fees, spousal support and health insurance.

The parties were married for 23 years and, at the time of the divorce, had two minor children.  The trial court awarded sole physical custody of the children to plaintiff and ordered defendant to pay child support based on an imputed minimum wage for 35 hours per week.  Defendant does not challenge this disposition.

At the time of trial, defendant was serving a nine-month jail sentence for second-degree home invasion for entering a home without permission and stealing medication.  She planned to move in with her mother upon her release and to pay her mother rent.  Defendant also had two prior convictions — one for larceny in a building and use of a controlled substance, and another for reckless driving.

Plaintiff is employed with CSX (a railroad company) and earns approximately $58,000 per year.  Defendant is unemployed, and, other than caring for the children, has only had part-time jobs during the marriage.  She has a history of substance abuse and mental illness.  Prior to her conviction for home invasion, defendant was in an in-patient drug-treatment program for three days in July or August of 2012.  The parties' former landlord testified that defendant had

-1-

stolen beer and pills from his trailer when they lived near one another. Plaintiff testified that defendant had previously had sex with a man in exchange for crack cocaine. Defendant denied both these accusations. Defendant testified that plaintiff had smoked marijuana in front of the children. Plaintiff stated that he had a license to use medical marijuana and that he never smoked in front of the children.

The trial court found that defendant was more at fault for causing the breakdown of the marriage. It factored this finding into both the property division and spousal support award.

The parties owned a home together, which the court valued at $105,000. Plaintiff presented the expert testimony of a real estate broker who determined that the property would sell for between $89,900 and $94,500 based on a comparative market analysis. Defendant's expert witness was a real estate broker and certified residential appraiser who appraised the property at $122,000. The trial court awarded the home to plaintiff and ordered plaintiff to pay defendant $30,000 for one half the value of the equity in the home. The trial court also granted plaintiff several items of equipment and other personal property, and granted defendant $6,700 representing her interest in those items. The trial court awarded each party the bank accounts in their respective names and ordered that each party would be responsible for their own debts.

Regarding spousal support: the trial court found that defendant's past conduct weighed against support; the trial court found that the length of the marriage weighed in favor of support; the trial court found that the parties had an equal ability to work and that their ages were equal; the trial court found that plaintiff had the ability to pay alimony, but that his income was not substantial; the trial court found that plaintiff had greater financial needs because he was maintaining the household; the trial court found that defendant's standard of living would not change significantly. The trial court ordered plaintiff to pay defendant $450 per month for three years. The trial court noted that its award was designed to be transitional.

## I. ATTORNEY FEES

Defendant argues that the trial court erred by not granting her request that plaintiff pay her attorney fees. "We review a trial court's grant or denial of attorney fees for an abuse of discretion." *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005). An abuse of discretion occurs when the decision is outside the range of reasonable and principled outcomes. *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132, 135 (2007). "Any findings of fact on which the trial court bases an award of attorney fees are reviewed for clear error, but questions of law are reviewed de novo." *Reed*, 265 Mich App at 164 (internal citation omitted). A finding is clearly erroneous if, after a review of the entire record, the reviewing court is left with the definite and firm conviction that a mistake was made. *Moore v Moore*, 242 Mich App 652, 654-55; 619 NW2d 723 (2000).

"A court in a divorce action may award attorney fees to enable a party to carry on or defend the action." *Woodington v Shokoohi*, 288 Mich App 352, 369; 792 NW2d 63 (2010), citing MCR 3.206(C)(1). Under MCR 3.206(C)(2)(a), "[a] party who requests attorney fees and expenses must allege facts sufficient to show that . . . the party is unable to bear the expense of the action, and that the other party is able to pay. . . ." "This Court has interpreted this rule to require an award of attorney fees in a divorce action 'only as necessary to enable a party to

prosecute or defend a suit.' " *Myland v Myland*, 290 Mich App 691, 702; 804 NW2d 124 (2010), quoting *Gates v Gates*, 256 Mich App 420, 438; 664 NW2d 231(2003). "With respect to a party's ability to prosecute or defend a divorce action, a party 'may not be required to invade her assets to satisfy attorney fees when she is relying on the same assets for her support.' " *Id.*, quoting *Maake v Maake*, 200 Mich App 184, 189; 503 NW2d 664 (1993). "Further, a party sufficiently demonstrates an inability to pay attorney fees when that party's yearly income is less than the amount owed in attorney fees." *Id.* "The party requesting the attorney fees has the burden of showing facts sufficient to justify the award." *Woodington* 288 Mich App at 370. Because the trial court abuses its discretion where the party requesting attorney fees would have to "invade the same spousal support assets she is relying on to live in order to pay her attorney fees," the party's ability to pay must be considered apart from that party's support award and share in the marital estate. *Loutts v Loutts*, 298 Mich App 21, 25; 826 NW2d 152 (2012).

The trial court made no specific findings of fact regarding defendant's ability to pay attorney fees. The trial court only stated, "With respect to attorney fees, I am ordering that each party pay their own attorney fees." "Without adequate findings of fact, there is no basis for determining whether the trial court's award represented an abuse of discretion." *Woodington*, 288 Mich App at 371. Accordingly, we remand to the trial court for further consideration of defendant's request.

## II. SPOUSAL SUPPORT

Defendant argues that her award of $450 per month in spousal support is inequitably low. We agree. Defendant also argues that the trial court erred when it considered the award of $30,000 in home equity as a factor weighing against spousal support. Again, we agree. Finally, defendant contends that plaintiff should have been ordered to provide health insurance for her as part of or in addition to her spousal support award. We agree that this issue warrants further consideration.

"It is within the trial court's discretion to award spousal support, and we review a spousal support award for an abuse of discretion." *Loutts*, 298 Mich App at 25. "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Id*. at 26. "We review for clear error the trial court's factual findings regarding spousal support. A finding is clearly erroneous if, after reviewing the entire record, we are left with the definite and firm conviction that a mistake was made." *Id.* "If the trial court's findings are not clearly erroneous, we must determine whether the dispositional ruling was fair and equitable under the circumstances of the case. We must affirm the trial court's dispositional ruling unless we are convinced that it was inequitable." *Id.*

"The object in awarding spousal support is to balance the incomes and needs of the parties so that neither will be impoverished; spousal support is to be based on what is just and reasonable under the circumstances of the case." *Loutts*, 298 Mich App at 26. In deciding whether to award spousal support, the trial court should consider several factors, including

> (1) the past relations and conduct of the parties, (2) the length of the marriage, (3) the abilities of the parties to work, (4) the source and amount of property awarded to the parties, (5) the parties' ages, (6) the abilities of

the parties to pay alimony, (7) the present situation of the parties, (8) the needs of the parties, (9) the parties' health, (10) the prior standard of living of the parties and whether either is responsible for the support of others, (11) contributions of the parties to the joint estate, (12) a party's fault in causing the divorce, (13) the effect of cohabitation on a party's financial status, and (14) general principles of equity. [*Id*. at 31, quoting *Myland*, 290 Mich App at 695].

"The trial court should make specific factual findings regarding the factors that are relevant to the particular case." *Id*.

Regarding the source and amount of property awarded to the parties, the trial court found that there would be "some income generated by the significant equity in the home that [defendant] will be receiving." However, "[w]here both parties are awarded substantial assets, the court, in evaluating a claim for spousal support, should focus on the income-earning potential of the assets and should not evaluate a party's ability to provide self-support by including in the amount available for support the value of the assets themselves." *Gates*, 256 Mich App at 436. Defendant and plaintiff were awarded equal shares of the home equity and the cash award will not produce any income for defendant. Instead, defendant will likely have to expend this award on her living expenses until she is able to find work. Thus, the trial court erred in considering the award of $30,000 equity in the home as a factor weighing against spousal support for defendant.

"In computing an award of alimony, the trial court must consider several factors." *Id*. Here, the trial court did consider other factors in its award of spousal support, but we cannot conclude that it gave such factors proper weight, under the circumstances and thus find that the trial court's alimony award of $450 per month for three years was "outside the range of principled outcomes." The trial court considered, for example, that defendant's age was similar to plaintiff's age and that because she would be able to reside with her mother, she would not be compromising her standard of living. However, that assumes that defendant would be able to live with her mother indefinitely. Furthermore, defendant never made more than $3,000 per year during the parties' 20 plus years of marriage. Rather than make a finding based upon facts, the trial court simply declared that this recovering substance abuser with mental health issues would be able to find gainful full-time employment in imputing income to her. And, the $450 amount awarded was not consistent with the spousal support guidelines even if minimum wage employment was imputed to defendant and plaintiff's income taken into account. Therefore, the trial court abused its discretion in deciding the monetary award of alimony. On remand, the trial court is not to consider the award of $30,000 equity in the home to defendant as a factor in any spousal support award and is to give proper consideration to defendant's work history, her needs and abilities, the parties' relative positions, and any other factor that will enable it to reach a result that is just and reasonable under the specific circumstances before it. Furthermore, the divorce judgment should reflect that any spousal support award is modifiable, pursuant to MCL 552.28.

Concerning health insurance, defendant likens her circumstances to those in *Myland*, 290 Mich App at 697-698, suggesting that due to her health issues of depression and substance abuse, the trial court abused its discretion in failing to order an award of health insurance in her favor. The plaintiff wife in *Myland*, however, presented medical testimony concerning her inability to work due to progressive multiple sclerosis. There was no testimony in this case indicating that defendant was completely unable to work due to a progressively debilitating disease. However, there was testimony concerning defendant's substance abuse history, mental health issues, and lack of prior full-time employment. More importantly, the trial court made no specific finding with respect to health insurance except to state that it had considered defendant's health insurance needs and had added an amount to her spousal support award "for that." Due to our conclusion that the trial court abused its discretion in awarding a spousal support amount that was inequitably low, we also find that the trial court's decision concerning medical insurance was an abuse of discretion. More to the point, the finding was deficient. On remand, the trial court is to consider, on the record, defendant's health care costs and needs and her ability to pay the same in determining whether an award of health insurance would be just and reasonable under the circumstances.

## III. PROPERTY DIVISION

Defendant argues that the trial court's property division was inequitable. Specifically, defendant challenges the trial court's valuation of real property, and challenges the trial court's disposition of the parties' bank accounts and personal debts. We hold that that property division was equitable and affirm.

There are two steps to reviewing a trial court's property division in a divorce case. "[T]his Court must first review the trial court's findings of fact for clear error." *Berger v Berger*, 277 Mich App 700, 717; 747 NW2d 336 (2008); see also *Sparks v Sparks*, 440 Mich 141, 151-152; 485 NW2d 893 (1992).

> If the trial court's findings of fact are upheld, this Court must decide whether the trial court's dispositional ruling was fair and equitable in light of those facts. This Court will affirm the lower court's discretionary ruling unless it is left with the firm conviction that the division was inequitable. [*Berger*, 277 Mich App at 717-718.]

"The goal in distributing marital assets in a divorce proceeding is to reach an equitable distribution of property in light of all the circumstances." *Berger*, 277 Mich App at 716-717.

> Trial courts may consider the following factors in dividing the marital estate: (1) the duration of the marriage, (2) the contributions of the parties to the marital estate, (3) the age of the parties, (4) the health of the parties, (5) the life situation of the parties, (6) the necessities and circumstances of the parties, (7) the parties' earning abilities, (8) the parties' past relations and conduct, and (9) general principles of equity. [*Id.* at 717.]

"[T]he division need not be equal, it must be equitable." *Sparks*, 440 Mich at 159.

The trial court appears to have divided this marital estate as equitably as possible. Plaintiff was awarded the real property and equipment, but defendant was relieved of her mortgage debt and granted a cash award representing her equity in the property. The trial court also granted defendant one half of the value of plaintiff's 401k retirement account. Considering that the trial court found defendant at fault, and considering that plaintiff would be primarily responsible for maintaining the family home and caring for the children, this was an equitable division of the marital estate.

Regarding the valuation of the property, the trial court stated, "We had experts on both sides, they are both capable, very capable people, and believable people . . . . But both concede this is a very subjective assessment, and it is." The trial court continued, "There are so many variables, and the market fluctuates so much that I simply have to come to a bottom line, and the bottom line that I came to was [$]105,000, which I frankly feel pretty comfortable with." "Special deference is given to the trial court's findings when they are based on the credibility of the witnesses." *Woodington*, 288 Mich App at 355. Given that the trial judge heard testimony of two expert witnesses and found them both credible, it was not unreasonable for him to value the house at $105,000 — a value almost halfway between the different valuations given by each party's expert witness.

Regarding the bank accounts, the trial court made little in the way of factual findings. The trial court stated that the "funds will be the property of whoever, the accounts that are in that part[y's] name." Defendant filed an objection to the proposed judgment of divorce submitted by plaintiff after trial pointing out several places where the judgment was ambiguous or incomplete. Nowhere in this pleading did defendant object to the disposition of the bank accounts. Moreover, at the time of trial, defendant had been in jail for nearly six months. On its face, an order granting each party the bank accounts in their respective names appears to be equitable. Even if this was an error, it is harmless because the overall property division was equitable under the circumstances.

Regarding defendant's assertion that the trial court failed to consider her unpaid medical expenses as marital debt, it appears from the trial court's disposition that requiring each party to be responsible for his or her own debts was the trial court's way of factoring defendant's fault into the property distribution. As noted above, the division of assets was nearly equal and defendant was granted a significant award representing her equity in the real and personal property acquired during the marriage. Even if the trial court failed to consider the unpaid medical bills, as defendant asserts, any error was harmless because the overall property division was equitable under the circumstances.

CONCLUSION

We affirm the trial court's judgment with respect property division. We remand for further consideration of defendant's request for attorney fees and instruct the trial court to consider whether defendant will have to invade her alimony award or her share of the marital estate to satisfy her attorney fees. We also remand to the trial court for further consideration of defendant's request for health insurance and for further consideration of its spousal support award to defendant and direct the trial court to disregard its award of $30,000 in marital home

-6-

equity to defendant in determining the appropriate award of spousal support. We retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto

# Court of Appeals, State of Michigan

# ORDER

Wesley A Gossett v Lori Simons Gossett

Docket No. 320373

LC No. 13-012196 DM

Elizabeth L. Gleicher
Presiding Judge

Kirsten Frank Kelly

Deborah A. Servitto
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 28 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded no later than September 30, 2015. As stated in the accompanying opinion, the trial court shall give further consideration to defendant's request for attorney fees, spousal support and health insurance. The proceedings on remand are limited to these issues.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

AUG 04 2015
_____
Date

_____
Chief Clerk