# STATE OF MICHIGAN

# COURT OF APPEALS

GABRIELE BAKER,

Plaintiff-Appellee,

v

JAMES JOHN BAKER,

Defendant-Appellant.

UNPUBLISHED
January 12, 2017

No. 329466
Ingham Circuit Court
LC No. 14-001687-DM

Before: WILDER, P.J., and BORRELLO and GLEICHER, JJ.

PER CURIAM.

Plaintiff and defendant brought post judgement motions in the trial court for attorney fees. Following a partial hearing on the matter, the trial court ordered defendant to pay some of plaintiff's attorney fees. Defendant appeals as of right from the trial court's order awarding attorney fees and for the reasons set forth in this opinion we remand the matter to the trial court for further proceedings consistent with this opinion.

## I. BACKGROUND

The parties were married in 1998 and their divorce was finalized on June 24, 2015. Following entry of the judgment of divorce, both parties filed motions for attorney fees. Although defendant's income was higher than plaintiff's, defendant argued that he was entitled to attorney fees because plaintiff had driven up the cost of attorney fees by her failure to both cooperate during her deposition and to disclose information during discovery. In addition, defendant asserted that he had had to take out two loans in order to pay his attorney fees. Defendant also argued that plaintiff was able to pay his attorney fees because she had received the marital home and other property as part of the divorce judgment.

Plaintiff informed the court that her attorney fees totaled $104,837.15 at the time of the hearing. Plaintiff also alleged that defendant had driven up the cost of her attorney fees by deposing her for an unreasonably long time, and asserted that she, too, had taken out loans in order to pay her attorney fees. According to plaintiff, defendant had the ability to pay her attorney fees based on his significantly higher income and other valuable assets he had retained as part of the divorce judgment, including his $300,000 retirement account.

Plaintiff testified during a hearing on the parties' motions but was interrupted by the trial court which called plaintiff's counsel's questioning "redundant" in light of the information

-1-

already available to the court. The trial court then asked counsel for both parties to make brief remarks, and stated that it would decide "what is owed by whom and how much" based on the parties' respective incomes, tax returns, and their "bills." The trial judge cautioned the parties that he was not "going to come back with a decision that says oh party A owes party B $4,226.38. It isn't going to be that way. It's going to be a broad stroke of the brush . . . . If you don't agree, go to the Court of Appeals and spend another ton of money." Following the hearing, the court issued a written opinion and order awarding plaintiff $37,500 in attorney fees. The trial judge did not offer any further explanation regarding his decision.

## II. ANALYSIS

This Court reviews "for an abuse of discretion a trial court's award of attorney fees in a divorce action . . . . However, findings of fact on which the trial court bases an award of attorney fees are reviewed for clear error." *Richards v Richards*, 310 Mich App 683, 699-700; 874 NW2d 704 (2015). An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes. *Moore v Secura Ins*, 482 Mich 507, 516; 759 NW2d 833 (2008). A trial court necessarily abuses its discretion when it makes an error of law. *People v Duncan*, 494 Mich 713, 723; 835 NW2 399 (2013).

MCL 552.13(1) states, in relevant part, that a trial court may require a party to a divorce or separation action "to pay any sums necessary to enable the adverse party to carry on or defend the action," while MCR 3.206(C)(1) provides that a party may ask the court to order the other party to pay all or part of his or her attorney fees. MCR 3.206(C)(1) provides further that a party who requests fees must allege facts showing that "(a) the party is unable to bear the expense of the action, and that the other party is able to pay, or (b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply." MCR 3.206(C)(2)(a)-(b). "MCR 3.206(C) provides two independent bases for awarding attorney fees and expenses[;] . . . MCR 3.206(C)(2)(a) allows payment of attorney fees based on one party's inability to pay and the other party's ability to do so, [while] MCR 3.206(C)(2)(b) considers only a party's behavior, without reference to the ability to pay." *Richards*, at 700.

On appeal, defendant argues that the trial court erred by failing to find, pursuant to MCR 3.206(C)(2), that plaintiff had demonstrated she was unable to pay her attorney fees; that defendant had the ability to pay plaintiff's attorney fees; that the fees were actually incurred; and that the fees were reasonable and necessary. Review of the record confirms defendant's arguments. The trial court did not indicate, either during the hearing or in its opinion, that it had awarded plaintiff attorney fees based on defendant's behavior pursuant to MCR 3.206(C)(2)(b). Rather, the trial court stated that its decision would be "based upon the income that I know about these parties." As noted, the trial court did not offer any additional explanation for its decision in its opinion and order. Based on this incomplete record, this Court is required to remand the matter.

To assist the trial court on remand, we note that pursuant to MCR 3.206(C)(2)(a), the party requesting attorney fees and expenses bears the burden of alleging facts sufficient to justify the award, by showing that the party is unable to bear the expense, and that the other party is able to pay. See *Woodington v Shokoohi*, 288 Mich App 352, 370; 792 NW2d 63 (2010). This

-2-

burden includes proving financial need as well as the amount of the claimed attorney fees and their reasonableness. *Reed v Reed*, 265 Mich App 131, 165-166; 693 NW2d 825 (2005). In this case, defendant argues that the trial court erred by failing to make a factual determination of plaintiff's actual income despite the fact that, according to defendant, plaintiff's income had been contested throughout the proceedings. The record indicates that plaintiff's income was determined by the Friend of the Court earlier in the divorce proceedings; thus, we do not agree that plaintiff's income was "contested." However, we agree that the trial court erred by failing to provide an explanation as to how it determined plaintiff's need for the award, and that defendant had the ability to pay.

The Friend of the Court determined that plaintiff had a yearly income of $15,075, while defendant earned $135,455 annually. Defendant did not provide evidence demonstrating that the Friend of the Court's assessment was inaccurate, but he did submit a financing application filled out by plaintiff in 2011, in which she indicated that her annual income was approximately $80,000. Based in part on this application, defendant argues that plaintiff's income was a question of fact that should have been determined by the trial court. Even if plaintiff's annual income was $80,000, she presented evidence that she owed over $100,000 in attorney fees. We note that in *Maake v Maake*, 200 Mich App 184, 189; 503 NW2d 664 (1993), we held that "[a] party may not be required to invade her assets to satisfy attorney fees when she is relying on the same assets for her support." Apart from need, however, there must be a determination of ability to pay. Defendant asserts that, like plaintiff, he has incurred significant legal fees and claims that "a substantial portion of [the fees] were incurred attempting to determine plaintiff's income after she failed to completely and accurately disclose her revenue to the court." Moreover, defendant cites his "new increased living expenses, . . . child support and spousal support payments" as limits on his available income. Without any findings from the court discussing the parties' financial resources, obligations, and expenses, this Court is left without an adequate basis for assessing plaintiff's need and defendant's ability to pay the award.

Defendant also argues that the trial court abused its discretion when it failed to make any findings of fact regarding the reasonableness of the attorney fees requested by plaintiff as required by MCR 3.206(C)(2). Defendant claims that the trial court relied on "general equitable principles" in awarding fees to plaintiff, and failed to include an explanation of its analysis, thus leaving this Court without a basis to review the award. As previously stated, we concur and find that the trial court abused its discretion by failing to include a determination of the reasonableness of the award.

According to plaintiff's testimony, her attorney fees totaled $104,837.15. Plaintiff's counsel argued that the fees were reasonable because the case had "required a great deal of skill" to address the constant issues and discovery requests presented by defendant; counsel had been unable to represent new clients or perform legal services for other current clients while representing plaintiff; and because counsel's hourly rate was within the fee range customarily charged for family law legal services in the area. However, in the award which forms the basis of this appeal, the trial court awarded plaintiff attorney fees without making any findings regarding reasonableness. We are certain that the trial court will remedy this error on remand.

Defendant also argues that the lower court showed bias by cutting short plaintiff's testimony, and "refusing" to hear his testimony. Further, defendant contends that his motion for

attorney fees remains "unresolved" because the trial court failed to reference it in its order granting attorney fees to plaintiff. On this issue we disagree with defendant. Our review of the record does not lead us to conclude that the trial court showed evidence of bias against either party, and defendant has failed to overcome the presumption in favor of judicial impartiality. *Cain v Dep't of Corrections*, 451 Mich 470, 494-497; 548 NW2d 210 (1996).

Defendant further asserts that the trial court was biased against him to the extent that the trial court violated defendant's right to due process. We reject this contention. Our Supreme Court has defined "actual bias" as "an attitude or state of mind that belies an aversion or hostility of a kind or degree that a fair-minded person could not entirely set aside when judging certain persons or causes." *Cain*, at 495 n 29 (internal quotation marks and citations omitted). Not only did defendant fail to provide any evidence of actual bias, he fails to provide allegations to support an inquiry into whether the court was actually biased against him. See MCR 2.003(C)(1)(b). Defendant is not entitled to relief on this basis.

Lastly, on remand, defendant is entitled to a decision on his motion for attorney fees.

Remanded for proceedings consistent with this opinion. We do not retain jurisdiction. No costs are awarded. MCR 7.219.


/s/ Kurtis T. Wilder
/s/ Stephen L. Borrello
/s/ Elizabeth L. Gleicher

-4-