# STATE OF MICHIGAN

# COURT OF APPEALS

MARYJANE BEATRICE COX,

Plaintiff-Appellant,

v

LARRY ELLIS COX,

Defendant-Appellee.

UNPUBLISHED
November 15, 2018

Nos. 338642 & 339950
Tuscola Circuit Court
LC No. 08-024869-DM

Before: M. J. KELLY, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

In these consolidated appeals, plaintiff, Maryjane Cox (Maryjane), appeals by right the trial court order denying her motion for reconsideration regarding attorney fees, and she appeals by delayed leave granted[1] the trial court's order regarding child support. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

The parties—Maryjane and defendant Larry Cox (Larry)—divorced in 2009. In July 2016, the friend of the court reviewed Larry's child-support obligations and recommended that he pay $392 in support for one child and $611 in support for two children. Maryjane objected to the recommendation and the matter was set for an evidentiary hearing. Following the hearing, the trial court issued an opinion finding that Maryjane's yearly income was $25,000 and Larry's yearly income was $51,000. The court found that the parties' son had no overnight visits with Larry, but the parties' daughter spent 118 overnights with Larry per year.

Based on the court's findings, Larry submitted a proposed Uniform Child Support Order (UCSO). Maryjane objected to the order, arguing that it contained several errors. She also moved for reconsideration of the court's finding that her yearly income was $25,000. She argued that her only income was the $15,000 per year she earned in interest on her inheritance, and she contended that the court had improperly attributed an additional $10,000 per year to her

---

[1] *Cox v Cox*, unpublished order of the Court of Appeals, entered March 5, 2018 (Docket No. 339950).

-1-

gross income based on amounts she drew from the principal of her inheritance. Maryjane also sought attorney fees and costs under MCR 3.206(2)(C)(a), contending that she could not afford to defend the action and that Larry could afford to pay her attorney fees. The trial court agreed that there were errors in the proposed UCSO, so it entered a proposed order submitted by Maryjane. However, it denied her motion for reconsideration, noting that under the statutorily authorized[2] Michigan Child Support Formula (MCSF), inheritance was only "generally" excluded from being considered part of a parent's income. The court also stated that the parties would have to file a separate request before the court would consider whether an award of attorney fees was proper.

Thereafter, Maryjane submitted a request for attorney fees. Additionally, she filed an amended motion for reconsideration, alleging that there were errors in the court's calculation of child support, and again asserting that the principal of her inheritance could not be considered income. The trial court entered an order denying her motion for reconsideration, reasoning that Maryjane had not established a palpable error by which the court and the parties were misled. In addition, the court awarded Maryjane only $1,000 in attorney fees after concluding that Larry had the ability to pay and Maryjane could not afford to pay without using her support assets.

## II. CHILD-SUPPORT ORDER

### A. STANDARD OF REVIEW

Maryjane argues that the trial court erred by including the money she withdrew from the principal of her inheritance as income. Challenges to the modification of a child support order are reviewed for an abuse of discretion. *Clarke v Clarke*, 297 Mich App 172, 178-179; 823 NW2d 318 (2012). "However, whether the trial court properly applied the MCSF presents a question of law that we review de novo." *Id*. at 179. In addition, where the issue to be reviewed involves "matters committed by the MCSF to the discretion of the trial court," our review is for an abuse of discretion, which occurs "when a court selects an outcome that is not within the range of reasonable and principled outcomes." *Borowsky v Borowsky*, 273 Mich App 666, 672; 733 NW2d 71 (2007). "Finally, to the extent that the trial court made factual findings in determining the amount of support under the child support formula, those findings are reviewed for clear error." *Id*.

### B. ANALYSIS

"[O]nce a trial court decides to order the payment of child support, the court must 'order child support in an amount determined by application of the child support formula . . . .' " *Id*. at 673, quoting MCL 552.605(2). "A trial court must strictly comply with the requirements of the MCSF in calculating the parents' support obligations unless it 'determines from the facts of the case that the application of the child support formula would be unjust or inappropriate . . . .' " *Id*., quoting MCL 552.605(2). Thus, if the court deviates from the formula, it must set forth in writing or on the record several findings, including the reasons for the deviation. *Id*.

---

[2] See MCL 552.519(3)(*vi*).

At the time of the instant proceedings, the 2013 version of the MCSF was effective. Under the MCSF, "[t]he first step in figuring out each parent's support obligation is to determine both parents' individual incomes." 2013 MCSF 2. The term "net income" includes, by definition, "all income minus the deductions and adjustments permitted by this manual." 2013 MCSF 2.01(A). Although the formula includes an enumerated list of items that constitute income, it also expressly provides that "income" is not limited to the items listed. 2013 MCSF 2.01(C). Two provisions in the MCSF expressly address a parent's inheritance. First, under 2013 MCSF 2.01(H), "[i]nterest earned or potentially earned on inheritances and gifts (§ 2.05(A)) should be considered as income." Second, 2013 MCSF 2.05(A) provides, "[i]ncome generally does not include property or principal from an inheritance or one-time gift. Income includes the interest earned on those assets. . . ."

On appeal, Maryjane advocates that we interpret 2013 MCSF 2.05(A) as categorically prohibiting a court from considering the principal of a parent's inheritance as income. However, when interpreting the MCSF, "courts must comply with the plain language of the MCSF, and may not read language into the MCSF that is not present." *Clarke*, 297 Mich App at 179. The adverb "generally" means "in general; extensively, though not universally; most frequently, but not without exceptions." *Webster's New Twentieth Century Dictionary Unabridged* (2d ed). Thus, by stating that income generally does not include principal from an inheritance, the formula contemplates that, under some circumstances, the principal from an inheritance can be counted under the formula as income. This is in direct contrast with other sections of the MCSF, which unequivocally prohibit the consideration of certain types of monies. See 2013 MCSF 2.03(B) ("A child's Supplemental Security Income (SSI) benefits cannot be considered as income, nor used to reduce a parent's support obligation."); 2013 MCSF 2.04(A) ("Income does not include the value of benefits from means tested sources such as Temporary Assistance to Needy Families (TANF), food stamps, the federal Earned Income Credit, and Supplemental Security Income (SSI)."); and 2013 MCSF 2.07(A)(2) ("Alimony/spousal support paid between the parents in the case under consideration is not included as its recipient's income, but remains its payer's income."). "Generally, when language is included in one section of a statute but omitted from another section, it is presumed that the drafters acted intentionally and purposely in their inclusion or exclusion." *Menard, Inc v Dep't of Treasury*, 302 Mich App 467, 471; 838 NW2d 736 (2013). For these reasons, we conclude that the plain language of the MCSF contemplates circumstances where the principal on an inheritance may be considered income.

Nevertheless, the MCSF does not explicitly state when the principal of an inheritance can be included in a parent's income. As a result, the answer to that question is left to the discretion of the trial court, guided by the policies set forth in the MCSF. Here, the trial court looked to 2013 MCSF 2.01(B) to support its decision to include draws on the principal of Maryjane's inheritance as income. That provision provides:

> The objective of determining net income is to establish, as accurately as possible, how much money a parent should have available for support. All relevant aspects of a parent's financial status are open for consideration when determining support. [2013 MCSF 2.01(B).]

The court reasoned that under the language used in 2013 MCSF 2.05(A), "while the total principal would not be utilized, a draw on the principal may be allowed" as there is "nothing to preclude this." The court explained that if Maryjane was drawing on the principal on a yearly basis, "the monies that [she] draws would be an income and be included for the determination of child support."[3] On reconsideration, the court elaborated:

> I do not think that a savings account and the inheritance are similar in nature. A savings account usually[,] generally, there's that word, is derived from an individual's actual income and they put away monies from that income to then have a source of income for a rainy day fund. And I don't see her inheritance as that. In fact, her inheritance is what caused [Maryjane] to no longer be allowed Social Security monies. There is that income and she is drawing from that income, in addition to the 15,000 for the interest an additional amount for herself to quote, unquote—to have monies available for support. And that is, all relevant aspects of her financial status and they are open for consideration when determining support.

Therefore, on this record, the trial court carefully considered the nature of the draws on inheritance, the facts that the draws were relevant parts of Maryjane's financial status that were open for consideration when determining support, and the court limited its inclusion of the principal of the inheritance to the amount that Maryjane was drawing for support rather than the entire amount. In doing so, the court recognized that the use of the word "generally" gave it discretion to consider draws on the principal of Maryjane's inheritance. Although a different court may have exercised its discretion differently and wholly excluded the draws on principal from the determination of Maryjane's income, we cannot conclude that the trial court's decision to go the other way on this close question was an abuse of discretion. See e.g., *People v Smith*, 456 Mich 543, 550; 581 NW2d 654 (1998) (noting that close questions arising from a court's exercise of discretion are not an abuse of discretion just because the reviewing court would have ruled differently).[4] [5]

---

[3] The court imputed a $10,000 per year draw on principal, but invited Maryjane to submit additional evidence on reconsideration if the projected amount of the draw was incorrect. Maryjane did not submit any additional evidence challenging the amount of the projected draw, nor does she challenge the court's calculation on appeal. Accordingly, we make no decision regarding whether the court clearly erred by finding that Maryjane drew $10,000 per year from the principal of her inheritance.

[4] Maryjane relies on this Court's decision in *Borowsky*, 273 Mich App 666. That case, however, did not address whether a court had discretion to sometimes include draws on the principal of a parent's inheritance as income. Accordingly, it is distinguishable from the present case. Additionally, although Maryjane sometimes refers to her inheritance as her "savings," there is no evidence in the record to support that her inheritance is, in fact, in a savings account. Instead, her testimony at the evidentiary hearing suggested that the majority of the inheritance was in the form of "investments." Moreover, in *Borowsky*, this Court concluded that there was no support

-4-

Maryjane next challenges the trial court's computation of child support. She explains that the trial court used Marginsoft to apply the MCSF, but her lawyer used Prognosticator,[6] and she contends that there is a discrepancy of approximately $40 per month between her lawyer's results and the court's results. Maryjane contends that, because both programs purport to use the Michigan Child Support Formula, the results should be identical or close to identical. She asks this Court to remand to the trial court with instructions that the court disclose the Marginsoft calculations that the court used to determine the amounts used in the child support order. We decline to do so.

Maryjane brought this issue before the court as part of her motions for reconsideration. In response to the first motion, the court noted that the difference between the programs used could be attributed to the fact that the court gave Maryjane deductions for the children, but Maryjane's lawyer attributed the deductions for the children to Larry. In response to the second motion, the trial court stated:

> [Maryjane] has requested that the Court reconsider its determination of child support. Specifically, [she] argues that given the information that the Court provided on January 9, 2017, that application to the Prognosticator provides a different result. First, the Court utilized Marginsoft for the determination of child support. This is a different program than utilized by [Maryjane's lawyer]. Secondly, [Maryjane] failed to provide a deduction for [Larry's] pension, as was allowable and recognized by the Court in its determination. Upon examination of [Maryjane's] Exhibit A (attached to the motion, [Maryjane] did not provide for this deduction. In summary, the Court has carefully reviewed the motion. [Maryjane] has demonstrated no palpable error by which the Court and the parties have been misled. Thus, pursuant to MCR 2.119(F), the motion is considered and denied.

We review for an abuse of discretion a court's decision to deny a motion for reconsideration. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008). Here, given the trial court's careful consideration of the issue, we conclude the trial court did not abuse its discretion in denying Maryjane's motion for reconsideration.

---

for the trial court to conclude that withdrawals from a savings account could be treated as income under the MCSF, *id*. at 677, but in this case there is support in the MCSF to treat the principal of an inheritance—under some circumstances—as income. Therefore, the fact that Maryjane's inheritance might be in a savings account is not dispositive.

[5] Nothing in this opinion should be read as preventing the trial court from exercising its discretion differently if faced with a future motion to modify child support. The trial court is in the best position to evaluate such questions and, in the future, it may conclude that draws on the principal of Maryjane's inheritance should not be counted as income to her.

[6] Prognosticator and Marginsoft are commercial programs that allow an individual to input information and receive a calculation of support obligations using the MCSF.

## III. ATTORNEY FEES

### A. STANDARD OF REVIEW

Maryjane argues that the trial court abused its discretion by only ordering Larry to pay $1,000 in attorney fees. "We review a trial court's grant or denial of attorney fees for an abuse of discretion." *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005). "Any findings of fact on which the trial court bases an award of attorney fees are reviewed for clear error, but questions of law are reviewed de novo." *Id*. (citations omitted).

### B. ANALYSIS

"[A]ttorney fees are not ordinarily recoverable unless a statute, court rule, or common-law exception provides the contrary." *Dessart v Burak*, 470 Mich 37, 42; 678 NW2d 615 (2004) (quotation marks and citation omitted). For domestic relations matters, attorney fees are authorized by court rule and by statute. *Reed*, 265 Mich App at 164. "The party requesting the attorney fees has the burden of showing facts sufficient to justify the award." *Borowsky*, 273 Mich App at 687.

Here, Maryjane sought attorney fees under MCR 3.206(C), which provides:

> (1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.

> (2) A party who requests attorney fees and expenses must allege facts sufficient to show that

> (a) the party is unable to bear the expense of the action, and that the other party is able to pay, or

> (b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply.

Typically, this rule has been interpreted to require an award of attorney fees to the extent "necessary to enable a party to prosecute or defend a suit." *Myland v Myland*, 290 Mich App 691, 702, 804 NW2d 124 (2010) (citation and quotation marks omitted). "[A] party sufficiently demonstrates an inability to pay attorney fees when that party's yearly income is less than the amount owed in attorney fees." *Id*. Additionally, "[w]ith respect to a party's ability to prosecute or defend a divorce action, a party 'may not be required to invade her assets to satisfy attorney fees when she is relying on the same assets for her support.' " *Id*., quoting *Maake v Maake*, 200 Mich App 184, 189; 503 NW2d 664 (1993).

Maryjane contends that the trial court abused its discretion by only awarding $1,000 rather than the approximately $10,500 in attorney fees and costs reflected in the bills submitted to the court by her lawyer. Although Maryjane's yearly income of $25,000 is not less than the amount owed in attorney fees, *Myland* does not stand for the proposition that a parent lacks

sufficient assets only when his or her yearly income is less than the amount owed in attorney fees. And, in this case, the trial court found that Maryjane lacked the ability to pay without invading her support assets, and it found that Larry had the ability to pay. Larry has not challenged those findings on appeal. Accordingly, we assign no error in the court's decision to award attorney fees under MCR 3.206(C)(a).

Likewise, however, we discern no abuse of discretion in the court's decision to only award $1,000 in attorney fees. Maryjane directs this Court to *Gates v Gates*, 256 Mich App 420; 664 NW2d 231 (2003). In that case, this Court held that the trial court abused its discretion by awarding only $5,500 out of the $70,900 in attorney fees and costs requested by the defendant. *Id*. at 438. In *Gates*, however, the "plaintiff enjoyed a comparatively substantial income advantage following the judgment of divorce," which was one of the reasons this Court found the trial court had abused its discretion. *Id*. at 438-439. Here, the trial court recognized that the disparity between Maryjane's income and Larry's income was lessened by the child support that Larry was paying per month. Moreover, unlike the present case, the defendant in *Gates* would have had to invade the assets she was awarded in the judgment of divorce in order to pay her attorney fees whereas Maryjane had an inheritance of roughly $341,000 available to her from which she could pay her fees. See *id*. at 438.

Maryjane also contends that the trial court's stated rationale for awarding only a fraction of the requested attorney fees was brief and lacked specificity. We disagree. The court found that based on the materials submitted that Maryjane's lawyer "spent approximately more than twice as much time on the issue of child support as" Larry's lawyer. The court clarified that Maryjane's lawyer had spent 40 hours on the case and compared it to the 14.5 hours spent by Larry's lawyer, "who does not concentrate his practice in the area of Family Law . . . ." The court also found that the results of the proceedings were favorable to Larry, and that the matter was a child support case, which is not as complex as other matters, i.e. custody. The court noted that it had reviewed each line of the billing statements submitted and added that it was considering the nature of the assessments. Although the court did not explicitly state how it was viewing that information, considering the whole of the court's opinion, it is plain that the court concluded that Maryjane's lawyer had billed an excessive number of hours when compared to the complexity of the issue and his expertise in family law. Accordingly, the court found that attorney fees in the amount of $1,000 were warranted, but additional fees were not. On this record, the court's finding was not an abuse of discretion.

Affirmed. Maryjane may not tax costs. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ David H. Sawyer
/s/ Jane E. Markey

-7-